## UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,

v.

## TRAVIS ECKERT AGENCY, INC. and Janice Barnes, Appellees.

No. 3-91-037-CV.

Court of Appeals of Texas, Austin.

Dec. 11, 1991.

Rehearing Overruled Jan. 22, 1992.

Alison H. Moore, Thompson, Code, Cousins & Irons, Austin, for appellant.

David Deaderick, Tulk & Deaderick, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

KIDD, Justice.

Appellant, United States Fidelity and Guaranty Company ("USF & G"), sued one of its local recording agents, Janice Barnes, and the insurance agency by whom she was employed, Travis Eckert Agency, Inc. (collectively the "Agency"), for attaching to one of the USF & G's liability insurance policies an unauthorized "additional insured" endorsement form which allegedly resulted in monetary liability to USF & G. The Agency filed a motion for summary judgment and USF & G filed a motion for partial summary judgment. The district court granted Agency's motion and denied USF & G's motion. This appeal followed.

### THE CONTROVERSY

This case involves the provisions of a comprehensive automobile liability policy together with an endorsement that provided for an "additional insured." For many years before the accident that gives rise to the facts of this lawsuit, USF & G had

continuously insured Calhoun–Smith Distributing Co., Inc. ("Calhoun–Smith") for a variety of insurance needs, specifically including comprehensive automobile liability. On August 6, 1985, Calhoun–Smith leased a tanker truck from Ryder Truck Rental, Inc. ("Ryder"). In August and October of 1985, the Agency requested that USF & G add Ryder as an additional insured with respect to the liability insurance coverage on the tanker truck covered under Calhoun–Smith's comprehensive auto liability policy issued by USF & G. Apparently as a result of USF & G's failure to append such an endorsement, on February 7, 1987, Janice Barnes, the Agency's local recording agent for USF & G, executed Ryder's own "additional insured" endorsement form, which became a part of the comprehensive auto liability insurance policy of Calhoun–Smith for that year. USF & G alleges in the present lawsuit that Barnes should have attached the standard endorsement form TX 10–89B entitled "additional insured-lessor" to the Calhoun–Smith comprehensive automobile liability policy. Janice Barnes' use of the Ryder "additional insured endorsement form," rather than the "standard form TX 10–89B," constitutes the crux of the present lawsuit.

### The *Ingram* Lawsuit

Calhoun-Smith leased a gasoline tanker truck from Ryder. This tanker truck exploded on November 10, 1987, and Mr. Lester Ingram, an employee of Calhoun–Smith, was killed. This explosion and Mr. Ingram's death were the subject of a previous lawsuit.

Evidence in that lawsuit established that sometime before the accident date a subcontractor hired by Ryder modified the gasoline pump on the Ryder tanker truck to reverse the flow of gasoline through the pump, but negligently failed to change the position of the pressure relief valve. As a result, the pressure relief valve was improperly positioned for the direction of the flow through the gasoline pump on November 10, 1987, the date of the explosion and was, therefore, inoperable. The evidence also established that at the time of the explosion in question, Mr. Ingram, acting in the course and scope of his employment for Calhoun–Smith, was attempting to pump gasoline from the Ryder tanker truck into above ground storage tanks at a Texaco station when the explosion occurred.

In the present lawsuit, the parties stipulated in the district court that the explosion resulted from: (1) Ingram's negligence in failing to open the valves on the aboveground storage tanks before attempting to pump gasoline from the tanker into those tanks; and (2) the tanker's pressure relief valve being inoperable and, therefore, unable to shut off the flow of gasoline from the tanker when back-pressure occurred, resulting ultimately in the explosion and fire which caused Mr. Ingram's tragic death.

The *Ingram* lawsuit was a wrongful death and survivor action filed by the widow and other heirs of Lester Ingram alleging liability claims against several defendants, including Ryder, arising from Ryder's own acts or omissions with respect to the modification of the pressure relief valve on the gasoline pump on Ryder's tanker truck. Ryder demanded that USF & G assume its defense and provide coverage in the *Ingram* lawsuit under the provisions of the *Ryder* "additional insured endorsement" form, which Janice Barnes attached to the policy in the course and scope of her employment for the Travis Eckert Agency.

Since Janice Barnes was acting as a local recording agent for USF & G, the Ryder form endorsement attached to the comprehensive auto liability policy of Calhoun–Smith was binding on USF & G even though, as USF & G alleges in the instant lawsuit, such actions by Janice Barnes were unauthorized. Upon a determination by USF & G that the *Ryder* "additional insured endorsement" form did afford coverage for Ryder's *own acts and omissions,* USF & G provided a defense to Ryder in the *Ingram* lawsuit and ultimately settled and paid one million dollars on behalf of Ryder.

### The Present Lawsuit

USF & G brought this present action to recover from Janice Barnes and the Travis

Eckert Agency the cost of Ryder's defense and indemnity payments which USF & G made under its comprehensive auto liability insurance policy and the Ryder endorsement. After written discovery had been initiated and three depositions had been taken, the parties entered into extensive factual stipulations in order to eliminate any potential factual controversies and to reduce the case to a central question of law.[1]

Following entry of the stipulations, the Agency filed a motion for summary judgment claiming that the standard additional insured endorsement TX 10–89B would have provided coverage to Ryder under the Calhoun–Smith policy for Ryder's *own acts and omissions* and, therefore, USF & G suffered no damage due to Janice Barnes appending Ryder's own endorsement form to the Calhoun–Smith policy. USF & G filed a motion for partial summary judgment requesting the court to rule that the legal effect of the TX 10–89B endorsement "creates no additional insurance rights in favor of Ryder Truck Rental but rather simply establishes that Ryder is entitled to notification in the event that the policy is canceled or amended." USF & G further requested the court to rule that, had the standard endorsement form TX 10–89B been attached to the Calhoun–Smith comprehensive auto liability policy issued by USF & G, it would *not* have provided coverage to Ryder for the claims made in the *Ingram* lawsuit.

The district court granted the Agency's motion for summary judgment and denied USF & G's motion for partial summary judgment. The district court ordered that USF & G take nothing against the Agency and that the Agency recover its costs of court from USF & G. The district court also denied USF & G's motion for new trial. Following this action, USF & G brings this appeal.

## DISCUSSION AND HOLDING

■ The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

By the factual stipulations and cross motions for summary judgment, the parties attempted to reduce their controversy to a single, central issue of law which the district court could answer dispositively. The crux of this case as stated in USF & G's brief is:

> The sole issue presented by this appeal is whether the Calhoun–Smith policy, had it been properly endorsed with form TX 10–89B, would have provided coverage to Ryder, the owner of the gasoline tanker truck which had been leased to Calhoun–Smith. If, as appellees [the Agency] contend, Form TX 10–89B would have provided coverage to Ryder under the Calhoun–Smith policy *for Ryder's acts or omissions,* USF & G suffered no damages proximately caused by appellees' [the Agency's] conduct, since the policy would have provided coverage anyway.

(Emphasis added). The district court concluded that, based upon the factual stipulations, this question was determined as a matter of law favorable to the Agency. Because we conclude that such a finding was in error due to the existence of material factual disputes, we find it necessary to reverse the action of the district court and remand this cause for a trial on the merits.

The conclusion that we reach turns on a comparison of the two endorsements in question, the first being the Ryder endorsement that Janice Barnes attached to the Calhoun–Smith comprehensive auto liability

---

1. The stipulations were drafted to bind the parties only for purposes of pre-trial motions for summary judgment.

policy, and the second being the standard form endorsement TX 10–89B that both parties agree should have been attached to the liability policy.[2]

1. *Ryder Endorsement Form*

The "additional insured endorsement" form suggested by Ryder and attached to the policy by Janice Barnes provided as follows:

> In consideration of the premium at which this policy is written it is agreed that the unqualified word "Insured" as used in this policy shall include Ryder Truck Rental, Inc., and all its subsidiary companies, its agents and employees, but only with respect to any vehicle leased, rented, or supplied as a substitute or as an additional vehicle to the named insured by Ryder Truck Rental, Inc.

Thus, under the Ryder endorsement form, USF & G would be required to provide coverage under its policy for Ryder's own acts or omissions, including those of Ryder's agents or employees.

2. *Standard Form TX 10–89B*

On the other hand, the standard endorsement form TX 10–89B which USF & G contends should have been attached to the comprehensive auto liability policy of Calhoun–Smith reads as follows:

> It is agreed that the insurance afforded by the policy as indicated above with respect to a leased automobile *applies to the lessor named in this endorsement, as an additional insured, subject to the following additional provisions:*
>
> 1. The Lessor is insured *only* for such bodily injury or property damage which arises out of the acts or omissions of:
>
> (a) The *named insured;*
>
> (b) any employee or agent of the *named insured;*
>
> (c) any person, except the lessor or any employee or agent of the lessor,

operating a leased automobile with the permission of any of the above.

(Emphasis added).

Under the express language of form TX 10–89B, Ryder is an "additional insured" only for the acts or omissions of the named insured, in this case Calhoun–Smith, and the employees of the named insured, in this case Lester Ingram. Contrasting the basic difference between the Ryder endorsement and the standard form endorsement TX 10–89B, the Ryder endorsement provides for liability insurance coverage for Ryder's own acts and omissions, while the standard form endorsement TX 10–89B does not. Therefore, the Ryder endorsement form is broader in scope and coverage than the standard form endorsement, and a material fact dispute arises as to whether USF & G was in fact harmed by the attachment of a broader endorsement form to the comprehensive auto liability insurance policy issued to Calhoun–Smith. This material fact issue precludes the district court from rendering a final summary judgment for the Agency on the basis that USF & G had suffered no harm as a matter of law. *See MMP, LTD. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986).

■ The Agency contends that we should affirm the trial court's judgment because USF & G has changed its legal position on this appeal. The Agency argues that at the time of the summary judgment hearing the position of USF & G was that the standard form endorsement for an "additional insured," TX 10–89B provided *no coverage* to Ryder, whereas, on appeal, USF & G now contends that although the standard form endorsement *would provide coverage* to Ryder, it would not provide coverage for Ryder's *own acts or omissions.* After a review of the summary judgment record, we agree that USF & G has changed its position on appeal. However, because this cause is presented to us upon stipulated facts in the context of a summary judgment, we are required to review the record under the premise that

---

2. The parties disagree as to who was responsible for the failure to attach the TX 10–89B endorsement form. USF & G places the sole responsibility on Janice Barnes while the Agency contends that USF & G, after being requested to do so, should have endorsed the policy.

unless the Agency has established that it is entitled to a summary judgment as a matter of law, we are bound to reverse. This cause presents yet another instance where the parties have attempted to conclude the cause on cross motions for summary judgment and because of the existence of a material factual dispute, this Court is required to reverse and remand the cause for a trial on the merits.

Because we conclude that the Agency has not been able to demonstrate conclusively, as a matter of law, that USF & G suffered no harm as a result of the broader Ryder endorsement form being attached to the policy in question, we are forced to reverse the final summary judgment rendered by the district court and remand this case back to that court for a full trial on the merits.