La Grange State Bank v. Numeritech 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-452-CV




LA GRANGE STATE BANK,



 APPELLANT


vs.





NUMERITECH, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 493,609A, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 




 This case involves a contest over funds interpleaded into the district court by
Houston Instrument, a division of Summagraphics Corporation (Houston Instrument). The
interpleaded funds represented payment for completed purchase orders for goods Numeritech, Inc.
(Numeritech) manufactured and invoiced to Houston Instrument. These purchase orders had been
transferred to Numeritech from financially-troubled La Grange Machine Works, Inc. (Machine
Works). La Grange State Bank (the Bank), as a creditor of Machine Works, sought to impose a
security interest on the interpleaded funds. The Bank and Numeritech each filed cross-motions
for partial summary judgment alleging rights to the funds. (1) The district court granted summary
judgment for Numeritech, thus denying the Bank's motion, and this appeal followed. We will
affirm the summary judgment of the district court.



BACKGROUND


 During the Spring of 1990, Houston Instrument sent purchase orders to Machine
Works for various machined parts. When Machine Works received these purchase orders, it was
in the midst of financial difficulties which prevented it from filling the orders. Instead, Machine
Works transferred the purchase orders to Numeritech. Numeritech then filled the orders,
delivered the parts to Houston Instrument, and sent invoices to Houston Instrument for the amount
due for the parts. After Numeritech had filled and invoiced several of Houston Instrument's
purchase orders, Houston Instrument ceased sending purchase orders to Machine Works, and
began sending them directly to Numeritech.

 The Bank and Numeritech have different views of the nature of Machine Works's
transfer of the Houston Instrument purchase orders to Numeritech. The Bank argues that Machine
Works subcontracted the manufacture of the parts to Numeritech. Numeritech argues that the
purchase orders were merely referred to Numeritech because they had no business value to
Machine Works since Machine Works was going out of business.

 Meanwhile, Machine Works' financial difficulties caused it to default on a
promissory note held by the Bank. On May 23, 1990, the Bank gave notice that it was
accelerating the amounts due on the note and demanded full payment. To secure the note,
Machine Works had given the Bank a security interest in all of its "accounts receivable, now on
hand and hereafter acquired and the proceeds thereof, contract rights, chattel paper, instruments,
general intangibles and rights to payment of every kind now or at any time rising out of the
business of debtor." On July 3, 1990, the Bank purchased Machine Works' assets in a foreclosure
sale.

 By letter dated June 14, 1990, the Bank notified Houston Instrument that the Bank
was claiming an interest in all of Machine Works' accounts receivable, which the Bank considered
to include all purchase orders Numeritech filled. At this time, Houston Instrument's outstanding
accounts payable for the machine parts it had received from Numeritech totaled approximately
$18,000. Shortly after receipt of the Bank's letter, Numeritech demanded payment from Houston
Instrument of the entire amount of its accounts payable. Houston Instrument paid neither the Bank
nor Numeritech, due to the conflicting demands for payment.

 After negotiations between Houston Instrument, the Bank, and Numeritech, the
Bank abandoned its claim to any interest in the accounts stemming from the purchase orders
Houston Instrument had sent directly to Numeritech. The parties agreed that Houston Instrument
could release $6033 to Numeritech for parts delivered from these purchase orders. Houston
Instrument's remaining accounts payable were $12,549.22, representing the goods supplied by
Numeritech but originally ordered from Machine Works. The Bank did not abandon its claim to
these accounts.

 On November 9, 1990, Houston Instrument interpleaded $12,549.22 into the
registry of the district court, naming Numeritech and the Bank as defendants. The Bank and
Numeritech filed cross-claims and counterclaims. On February 13, 1991, the court ordered, upon
agreed motion of the parties, that $2500 of the interpleaded funds be released to Houston
Instrument for its attorney's fees. The Bank sought the release of the funds remaining in the
registry of the court and reasonable fees and expenses from Numeritech. Numeritech also sought
the remaining interpleaded funds, and claimed tortious interference with contractual relationships
by the Bank. 

 Both the Bank and Numeritech each then filed motions for summary judgment on
their cross-claims. The district court granted Numeritech's summary judgment motion for its
claim on the interpleaded funds, and severed the order from the remaining claims. The Bank now
appeals.



DISCUSSION


 The standards for reviewing a motion for summary judgment are well settled: (1)
the movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that the movant is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985); United States Fidelity and Guar. Co. v. Travis Eckert Agency,
Inc., 824 S.W.2d 628, 630 (Tex. App. 1991, writ denied).

 The Bank contends that the district court erred in granting Numeritech's motion for
partial summary judgment because the purchase orders, sent by Houston Instrument to Machine
Works but filled by Numeritech, created a financial interest held by Machine Works which the
Bank's security interest reached. We disagree.

 The Bank argues primarily that the purchase orders Machine Works transferred to
Numeritech constituted an accounts receivable of Machine Works. The Texas Uniform
Commercial Code defines an "account" as "any right to payment for goods sold or leased or for
services rendered which is not evidenced by an instrument or chattel paper, whether or not it has
been earned by performance." Tex. Bus. & Com. Code. Ann. § 9.106(b) (1991). When Machine
Works defaulted on its note held by the Bank, the Bank became an assignee to any right to
payment Machine Works possessed. The statutory definition of "account" further narrows the
issue to whether the purchase orders, standing alone, gave Machine Works, and the Bank as its
assignee, a right to payment. We hold that they did not. 

 There is no evidence in the summary judgment record that indicates Machine
Works either filled, or promised to fill, the purchase orders. The summary judgment record in
its entirety consists of the affidavit of Mrs. Donna Maas, owner and president of Numeritech, and
the affidavit of Mario Scamardo, vice president of the Bank. The affidavit of Mrs. Maas states
that Numeritech "filled those orders and submitted an invoice for each order filled in accordance
with the usual, customary and reasonable price charged by Numeritech, and in accordance with
the price agreed [to] by Houston's purchasing representative." The affidavit of Mr. Scamardo
does not dispute that Numeritech filled the orders and invoiced Houston Instrument for them. 
Therefore Numeritech, not Machine Works, had the right to payment for the goods it delivered.

 Since Machine Works had no right to payment, it likewise had no accounts
receivable. An assignee of a perfected security interest cannot take greater rights than the
assignor. Tex. Bus. & Com. Code Ann. §§ 9.106, 9.318(a); Interfirst Bank Dallas v. United
States Fidelity & Guar. Co., 774 S.W.2d 391, 397 (Tex. App. 1989, writ denied). The Bank,
as Machine Works' assignee, does not have a right to payment based on the purchase orders
because Machine Works never had a right to payment. 

 This conclusion, of course, does not end the inquiry; we must also determine the
legal effect of the purchase orders. The Bank contends it is entitled to the interpleaded funds as
proceeds due on a "contract right" or "general intangible" of Machine Works. Under the Uniform
Commercial Code, "the submission of a purchase order is viewed as an offer which may then be
accepted or rejected by the seller." BarclaysAmerican/Business Credit, Inc. v. E & E Enter. Inc.,
697 S.W.2d 694, 698 (Tex. App. 1985, no writ). Since the purchase orders are mere offers, the
Bank can only have a right to payment if Machine Works accepted these offers. "[A]n order . .
. to buy goods . . . shall be construed as inviting acceptance either by a prompt promise to ship
or by the prompt or current shipment of . . . goods." Tex. Bus. & Com. Code. § 2.206(a)(2)
(1968). As mentioned above, Machine Works neither shipped the parts Houston Instrument had
ordered nor promised to ship them. The mere transfer of the purchase orders to Numeritech fails
as an acceptance of Houston Instrument's offer to buy under the definition of Section 2.206. 
Therefore, these purchase orders are not included within the security agreement, even under the
broad "contract" or "general intangible" language. We hold that the district court's summary
judgment order was correct because the Bank had no right to the interpleaded funds.

 The Bank raises several additional arguments, but none alter the fact that Machine
Works never obtained a right to payment based on the purchase orders. 

 First, the Bank argues that because Numeritech was not incorporated until May 30,
1990, it cannot have a right to payment for those purchase orders received or filled prior to the
date of its incorporation. This, however, does not change the fact that Machine Works neither
filled nor promised to fill the purchase orders. The legal date of Numeritech's incorporation
cannot bestow on Machine Works a right to payment which it otherwise did not have.

 Additionally, the Bank argues that Numeritech was either a subcontractor or an
agent of Machine Works. However, the Bank points to no evidence in the record which counters
Numeritech's evidence that there was not a legal relationship between Machine Works and
Numeritech.

 The Bank points to the following portion of the affidavit of Mario Scamardo, vice
president of the Bank:



Machine Works received a total of 19 separate purchases [sic] orders from Houston
Instruments [sic] from April 26, 1990 through May 24, 1990, for a total of
$12,549.22. However, Machine Works subcontracted these purchase orders to
Numeritech, who later invoiced Houston Instrument. Contrary to their "Agreement
Concerning Indebtedness" to account for and assist and cooperate in LGSB's
collection of these accounts, neither Machine Works nor Johnny Caswell revealed
the receipt or the subsequent subcontracting of these purchase orders. Instead,
LGSB learned of these purchase orders from Houston Instrument."



(Emphasis added). The statement of Mr. Scamardo concerning the alleged subcontractor
relationship between Machine Works and Numeritech does not constitute summary judgment
evidence as defined by Texas Rule of Civil Procedure 166a(f). Rule 166a(f) requires that
affidavits submitted in support of, or in opposition to, a motion for summary judgment "shall be
made on personal knowledge . . . and shall show affirmatively that the affiant is competent to
testify to the matters stated therein." Tex. R. Civ. P. Ann. 166a(f) (Supp. 1992). 

 Mr. Scamardo's affidavit demonstrates that he lacks personal knowledge of any
agency or contractual relationship between Machine Works and Numeritech. He asserts the
existence of these relationships, but gives no indication of the basis for this assertion. Indeed, Mr.
Scamardo states that he first learned of the purchase orders from Houston Instrument after their
transfer. "Affidavits consisting only of conclusions are insufficient to raise an issue of fact." 
Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). Because the affidavit fails to show that
Mr. Scamardo's conclusions were based on personal knowledge, his affidavit provides inadequate
summary judgment proof. See Radio Station KSCS v. Jennings, 750 S.W.2d 760, 761-62 (Tex.
1988) (holding that an affidavit making factual assertions about the internal business practices of
a radio station was insufficient as summary judgment evidence where the affiant had never been
an employee of the station). 

 "[S]ummary judgment may be based on the uncontroverted testimonial evidence
of an interested party provided that the evidence is `clear, positive, direct, otherwise credible .
. . and could have been readily controverted.'" Beaumont Enter. & Journal v. Smith, 687 S.W.2d
729, 730 (Tex. 1985) (quoting Tex. R. Civ. P. 166a). The evidence contained in Mrs. Maas'
affidavit, who as owner and president of Numeritech would have had personal knowledge of any
relationship between Machine Works and Numeritech, remains uncontroverted: "The $12,549.22
in accounts receivable that are still the subject of this litigation . . . were accounts receivable
rightfully belonging to Numeritech, not to La Grange Machine. The two corporations are and
always have been separate entities." (2)

 We reject all of the Bank's points of error. The summary judgment of the district
court is affirmed.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: July 8, 1992

[Do Not Publish]
1. In addition to seeking the interpleaded funds, the Bank has brought suit against
Numeritech alleging fraudulent transfer, fraud, breach of contract, and conspiracy. 
Numeritech, on the other hand, has sued the Bank for tortious interference with a business
relationship, i.e., its business with Houston Instrument, since, as a result of this lawsuit,
Houston Instrument has not placed any further orders with Numeritech. These claims remain
pending at the district court level. Only the interpleader action, which was severed from the
main cause, is the subject of this appeal.
2. Since the Scamardo affidavit fails as competent summary judgment evidence under Rule
166a, there is no need to address Numeritech's additional challenge to that affidavit as an
insufficient denial of a sworn account.