**CITY OF DEER PARK et al. v. STATE ex rel. SHELL OIL CO. et al.**

No. 3094.

Court of Civil Appeals of Texas. Waco.

June 4, 1953.

Rehearing Denied June 25, 1953.

Townsend, Major &·Carrigan, Pasadena, Graves, Dougherty & Greenhill, Austin, for appellants.

Vinson, Elkins, Weems & Searls, David T. Searls and Jack D. Head, Houston, William H. Scott, Criminal Dist. Atty., R. H. Whilden and Barksdale Stevens, Houston, for appellees.

HALE, Justice.

This suit is a proceeding in quo warranto. It was brought by the State of Texas on relation of Shell Oil Company and Shell Chemical Corporation against appellants, the ·City of Deer Park and its Mayor and Aldermen, to test the validity of an ordinance passed on February 5, 1952, whereby appellants sought to annex to the city certain property owned by relators. The case was tried before the.court below without a jury and resulted in judgment (1) decreeing the ordinance to be invalid and void and (2) permanently enjoining appellants and their successors in office (a) from enforcing or attempting to enforce the same and (b) from taking any action to annex or include the property of relators within the boundaries of the city.

Under the two points in their original brief appellants say the court erred in decreeing the ordinance to be void because the undisputed evidence shows the passage thereof constituted a valid exercise of power lawfully vested in them under the provisions of Art. 974, Vernon's Tex.Civ. Stats. On the other hand, appellees say the court did not err in decreeing the ordinance to be invalid because, among other reasons, the evidence shows its passage was in violation of Arts. 971 and 1135 of Vernon's Tex. Civ.Stats. and that by reason of the failure of appellants to comply with Art. .961 in their attempt to accept Title 28 of Vernon's Revised Civil Statutes as the governing laws of the city they were not entitled to annex territory under the provisions of Art. 974 of such statutes.

The facts in the case were established by stipulation of the parties and by evidence that was without any dispute. The City of Deer Park was incorporated on December 17, 1948 under the provisions of Art. 1133 et seq. of Vernon's Rev.Civ. Stats., with an area of 448 acres and a population of approximately 800 inhabitants. At the second regular meeting of its Mayor and Aldermen, held on February 21, 1949, the city purported to accept as its governing laws "the provisions of Chapters One to Ten, inclusive, Title 28, Vernon's Revised Civil Statutes of the State of Texas; said chapters beginning with Article 961 and ending with Article 1132 of said statutes." The foregoing acceptance was evidenced by a prevailing motion of the Aldermen to that effect which was duly entered upon the journal of the proceedings of the city, a copy thereof was signed by the Mayor, attested by the Clerk under the corporate seal of the city, and was filed and recorded in the office of the County Clerk of Harris County. On September 2, 1950 the city increased its territorial limits by annexing an additional 315 acres, thus giving it a total superficial area of 763 acres.

The additional territory sought to be annexed by the ordinance herein complained of, as passed on February 5, 1952, consists of approximately 1050 acres of land located south, west and north of the City of Deer Park. At that time the city had less than 1,000 inhabitants. This additional territory is not more than one-half mile in width at any point, although the northwest and southwest corners thereof are each more than one-half mile from the nearest

point on the city limits as the same existed prior to the attempted annexation. The result of the attempt to annex this additional territory, if valid, would give the city a total superficial area of 1813 acres, or 2.83 square miles, with a total population of less than 1,000 inhabitants. The additional territory is divided by the LaPorte Highway, a four-lane artery of traffic which extends in an east-west direction along the northern limits of the city as the same existed prior to February 5, 1952. The land located south of the LaPorte Highway in the attempted annexation is vacant, pasture land, with the exception of only three residence houses. Four of the persons residing in these three houses petitioned the city to annex the territory embraced in the ordinance, asserting therein that they were a majority of all the inhabitants qualified to vote in the entire territory to be annexed.

The land north of the LaPorte Highway in the attempted annexation consists of approximately 440 acres owned by relators. A large refinery and chemical plant are situated on this land. Relators have installed all the necessary facilities for the maintenance and operation of these industries, including a police force, fire-fighting organization, ambulance service and water, sewage, electric power, telephone and garbage disposal facilities. Under the 1951 and 1952 property valuations for State and County tax purposes, the assessed value of the properties owned by relators was in excess of $11,000,000, while the total assessed valuation for State and County tax purposes of all the property included within the city as it existed during the above years was less than $200,000. Hence, if the attempted annexation is valid, relators will be forced to pay approximately 98% of the total taxes to be collected by the city. It was stipulated that the city was in no position to render any benefits or services to the property of the relators and that the annexation ordinance was passed for the sole purpose of subjecting the property of relators to the payment of taxes to the city.

We shall hereafter refer to the legislative enactments as now embraced in Arts. 961, 971, 974 and 1135 of Vernon's Tex.Civ.Stats., respectively, only by the numbers of such articles. Each of these enactments is set forth under Title 28 of Vernon's Revised Civil Statutes of Texas relating to the general subject of "Cities, Towns and Villages," such Title being subdivided into 22 Chapters which embrace Arts. 961 to 1269m, inclusive. Art. 961 as it was originally enacted and Art. 974 as it now exists were each passed in the year of 1875. Arts. 971 and 1135 as they now exist were passed in the years of 1895 and 1903, respectively.

Art. 961 provides in substance that any city, town or village may, under certain conditions, accept the provisions of Title 28 of Vernon's Revised Civil Statutes of Texas in lieu of any existing charter and that all acts theretofore passed incorporating such city, town or village shall be repealed from and after the filing of a copy of the proceedings as therein specified. In our opinion, the qualified acceptance of only a part of the provisions of Title 28 of Vernon's Revised Civil Statutes of Texas, viz.: chapters One to Ten thereof, as embraced in Arts. 961 to 1132, inclusive, in the manner shown by the evidence in this case, did not constitute compliance on the part of appellants with the requirements contained in Art. 961 so as to entitle them to annex territory under the provisions of Art. 974, for several reasons.

In the first place, we see no reason whatsoever why Art. 961 should be construed to permit any city or town to select only such provisions of Title 28 of Vernon's R.C.S. of Texas as it may wish to accept and thereby reject and nullify other applicable provisions thereof that might not be desirable or acceptable to it. Furthermore, the qualified acceptance on the part of the city of only a part of the provisions contained in said Title 28 was evidenced only by a prevailing motion of its Aldermen and not by the passage of a formal resolution or ordinance. Since the purported acceptance of said Title 28 as the governing laws of the city was a legislative matter of a permanent nature, and since the intended purpose thereof was in part to repeal the pre-existing charter of the city, we think it was necessary to the

validity of the same that it be accomplished by the passage of an ordinance to that effect in the manner and form required by law, rather than by a verbal motion which did not arise to the dignity of a resolution. McQuillin on Municipal Corporations, 3d Ed., Vol. 5, Sec. 15.02; City of Denison v. Smith, Tex.Civ.App., 260 S.W. 207, pts. 4–5; City of Beaumont v. Matthew-Cartwright Land & Improvement Co., Tex.Civ. App., 224 S.W. 589, pt. 8 er.ref; City of San Antonio v. Micklejohn, 89 Tex. 79, 33 S.W. 735; City of Panhandle v. Bickle, Tex.Civ.App., 31 S.W.2d 843, pts. 8–9, er. dis.; City of Galveston v. Morton, 58 Tex. 409.

If the qualified acceptance of only a part of the provisions contained in Title 28 of Vernon's R.C.S. of Texas, as evidenced by the action taken on December 17, 1948 by the Aldermen of the City of Deer Park, did not constitute a compliance with the requirements of Art. 961, then the power of the city to annex additional territory on February 5, 1952 must have been derived from the provisions of Art. 1135 and not from Art. 974. But Art. 1135 expressly provides that "the area of no town or village shall ever exceed that of cities or towns, as provided for in chapter one of this title." Chapter one of Title 28 includes Art. 971 which expressly provides that no city or town in this State shall ever be incorporated with a superficial area of more than two square miles when such town or city has less than 2,000 inhabitants.

■ Moreover, regardless of whether the City of Deer Park did or did not accept the provisions of Title 28 of Vernon's R. C.S. of Texas in the manner required by Art. 961, and even though the city was lawfully empowered to annex adjoining territory under the terms of Art. 974, we think the provisions contained in Art. 971 were intended by the Legislature to impose a limitation upon the power of any city or town to increase its superficial area by annexation of additional territory to more than two square miles when such town or city has less than 2,000 inhabitants. If Arts. 971 and 974 are each considered separately and apart from the other, it would appear that the former relates only to the original incorporation of any city or town while the latter relates only to subsequent annexations of adjoining territory and inhabitants. But when both are considered together in the light of the legislative history of the various enactments as now embraced in Title 28 of Vernon's Tex. Civ.Stats., as we think they should be in this case, it is quite clear to us that the intended purpose and legal effect of Art. 971 was to prohibit any city or town in this State from thereafter including within its corporate limits a superficial area of more than two square miles when such town or city has less than 2,000 inhabitants. If such was not the intended purpose and effect of such legislation and if any city or town, after its original incorporation, can continue by successive annexations to increase its superficial area indefinitely without regard to the number of its inhabitants, then the enactment of Art. 971 was vain, futile and meaningless.

■ No statute should be given a construction that would render it futile, meaningless or useless. Chambers v. State, 25 Tex. 307; State ex rel. Childress v. School Trustees of Shelby County, Tex.Sup., 239 S.W.2d 777, pt. 3. On the contrary, it is elemental that a statute should be construed in such manner as to make it effective and operative, and where two constructions might be given a statute, one of which will effectuate the legislative intent and purpose and the other will defeat such intent and purpose, the former construction should be adopted in order to carry out the true intention of the Legislature in the enactment thereof. Eppstein v. State, 105 Tex. 35, 143 S.W. 144.

In view of all the facts in this case we cannot say the court below erred in decreeing the ordinance in controversy to be invalid. Therefore, we overrule both points of error in the original brief of appellants.

In a supplemental brief appellants present a third point as follows: "The trial court erred in permanently enjoining any future action of the City of Deer Park to annex the property of appellees-relators." We do not think the trial court was warranted in permanently enjoining all future action of the city to annex the property of

288

relators even though such future annexation might otherwise become lawful by reason of a material change of conditions and we doubt whether the court intended that the injunction herein granted should be that broad. However, in order that there may be no misunderstanding concerning the matter, that part of the decree relating to injunctive relief is hereby modified to the extent that appellants and their successors in office are permanently enjoined from enforcing or attempting to enforce the annexation ordinance here complained of and from taking any action in attempting to exercise jurisdiction over the property of relators by virtue of such annexation proceeding, and no further. City of El Paso v. State ex rel. Town of Ascarate, Tex.Civ.App., 209 S.W.2d 989, er.ref. Such modification will be accomplished by leaving that paragraph of the judgment intact which in effect enjoins appellants and their successors in office from enforcing or attempting to enforce the ordinance of which complaint is made and by striking the paragraph from the judgment which in effect enjoins them from taking any action to annex or include the property of relators within the boundaries of the city.

Accordingly, the judgment appealed from is reformed in the manner and to the extent above indicated and as so reformed it is in all other respects affirmed.

TIREY, J., took no part in the consideration or disposition of this case.