**CITY OF WILMER, Texas, Appellant,**

v.

**LAIDLAW WASTE SYSTEMS (DALLAS), INC. and Eco Land, Inc., Appellees.**

No. 05–93–00997–CV.

Court of Appeals of Texas, Dallas.

April 18, 1994.

Rehearing Denied May 23, 1994.

460

Henry W. Fielder, Patrick J. Atkins, Waco, for appellant.

Scott R. Kidd, Brian C. Cassidy, Kerry N. Cammack, Austin, for appellees.

Before KINKEADE, ROSENBERG, and MORRIS, JJ.

## OPINION

KINKEADE, Justice.

The City of Wilmer, Texas appeals a summary judgment entered in favor of Laidlaw Waste Systems (Dallas), Inc. and Eco Land, Inc. in this suit brought by Laidlaw and Eco to declare void certain annexation ordinances passed by the City. In seven points of error, the City contends that the trial court erred in granting Laidlaw's and Eco's motion for summary judgment and denying its motion for summary judgment because (1) Laidlaw and Eco had no standing to assert a private cause of action to set aside the annexation ordinances, (2) the statutory annexation area limitations that Laidlaw and Eco claim were violated do not apply to it, (3) Laidlaw and Eco failed to present competent summary judgment evidence in opposition to its motion for summary judgment, and (4) there was no summary judgment evidence it acted fraudulently or in bad faith in verifying the signa-

tures on the annexation petitions. We reverse and render.

### FACTUAL AND PROCEDURAL HISTORY

Laidlaw and Eco brought this suit against the City requesting the court to declare void certain annexation ordinances passed by the City. Laidlaw and Eco alleged that Laidlaw obtained a state permit to construct a municipal solid waste landfill. The landfill site was located near the City. Laidlaw and Eco had an interest in the property. The City passed an ordinance annexing approximately 205 acres which encompassed the site for the landfill. The City subsequently passed two additional ordinances annexing the same 205 acres in an attempt to correct certain deficiencies in the prior ordinances. Laidlaw and Eco alleged that the City zoned the annexed property so as to prohibit the operation of a landfill as one of its permitted uses. Laidlaw and Eco contended the City's annexation ordinances were void because:

1. Section 5.901(2) of the Texas Local Government Code prohibits a type A municipality such as the City from having a corporate limit of more than four square miles, and in this case, the annexed property was in excess of four square miles.

2. Section 43.024(a) of the Texas Local Government Code prohibits the City from annexing property that is more than one-half mile wide, and in this case, the annexed property exceeded the one-half mile width limitation.

3. The metes and bounds descriptions in the annexation ordinances did not close.

4. One of the persons who signed the annexation petition was not an inhabitant of the area annexed as required by section 43.024 of the Texas Local Government Code.

5. The City did not give proper notice of the public hearings held on the annexation ordinances pursuant to section 43.052 of the Texas Local Government Code.

Laidlaw and Eco filed a motion for summary judgment. In their motion, they contended that it was undisputed that (1) the City was a type A municipality, (2) the City annexed the property pursuant to section

43.024 of the Texas Government Code, (3) the City had a population of between 2001 and 4999, and (4) the annexed area exceeded four square miles. Based on these undisputed facts, Laidlaw and Eco asserted that summary judgment was proper on their cause of action to declare the annexation ordinances void because the annexed area exceeded the four square mile limit for type A municipalities set out in section 5.901(2) of the Texas Local Government Code.

The City filed a response to Laidlaw's and Eco's motion for summary judgment and filed its own motion for summary judgment. The City asserted the following grounds for summary judgment:

1. Laidlaw and Eco had no standing to bring their claims that the annexation ordinances were invalid.

2. The four square mile limit in section 5.901(2) applies to incorporations only not annexations.

3. The annexed property was not more than one-half mile wide.

4. The metes and bounds description of the annexed property contained in the annexation ordinances closed, but even if it did not, it was a technical defect that should be construed in favor of closure.

5. It is within the City's discretion to verify signatures on an annexation petition, and absent a showing of fraud or bad faith, the City's discretion should be upheld.

6. The notices of the hearings on the annexation petitions were proper pursuant to section 43.052.

In support of its motion, the City submitted the affidavit of Charles Roden. Roden stated in his affidavit that (1) he surveyed the annexed territory based on the property descriptions in the annexation ordinances, (2) the annexed territory was contiguous to the City, (3) the widest portion of the annexed territory was less than one-half mile, and (4) the metes and bounds descriptions contained of the annexed territory contained in the annexation ordinances closed.

Laidlaw and Eco responded to the City's motion for summary judgment contending (1) they had standing to bring their claims, (2)

the four square mile limit for incorporation of a city cannot be exceeded through annexation, and (3) there were material fact issues as to whether the annexed property was wider than one-half mile, the metes and bounds description of the annexed property closed, one of the signatories on the annexation petitions lived outside the annexed territory, and whether the notices of the hearings on the annexation ordinances were not posted in an accessible location. In support of their contentions that the annexed property exceeded the one-half mile limit, the metes and bounds descriptions did not close, and the notices were not posted in an accessible location, Laidlaw and Eco attached to their response to the motion for summary judgment a copy of their original petition that detailed these allegations. Larry Conwell verified the allegations in the petition regarding the one-half mile width and the metes and bounds descriptions, and Fran Stall verified the allegations in the petition regarding the notices. Those verifications stated as follows:

> Before me, the undersigned authority, on this day personally appeared [Larry Conwell, RPLS/Fran Stall], who, being by me duly sworn, deposed and said that [he/she] has read the above and foregoing Plaintiff's Original Petition, that [he/she] is personally familiar with the facts stated in paragraph[s] [VI and VII/IV, VIII, and X], and that such facts are true and correct.

The trial court granted Laidlaw's and Eco's motion for summary judgment and denied the City's motion for summary judgment. In its final judgment entered in the case, the trial court declared void the City's annexation ordinances.

### SUMMARY JUDGMENT

■ The City attacks the trial court's granting of Laidlaw's and Eco's motion for summary judgment and the denial of its motion for summary judgment. Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show that (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Rodriguez v. Naylor*

*Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

■ In a summary judgment proceeding, the defendant, as movant, must either (1) disprove at least one element of each of the plaintiff's theories of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, viewing the evidence in the light most favorable to the plaintiff, the plaintiff could not succeed upon any theory pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983). The plaintiff, as movant, has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the nonmovant. *Id.* at 548–49. We indulge in every reasonable inference and resolve any doubts in nonmovant's favor. *Id.* at 549.

■ When the trial court's order granting summary judgment for one movant and denying summary judgment for the other does not specify the grounds upon which it rests, this Court may affirm the trial court's judgment if any of the grounds raised in the prevailing movant's motion are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989). This Court may also reverse the trial court's judgment and render judgment for the other movant based on any meritorious grounds raised in its motion. *See id; Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). On appeal, this Court considers all the evidence accompanying both motions. *Dae Won Choe v. Chancellor, Inc.,* 823 S.W.2d 740, 742 (Tex.App.—Dallas 1992, no writ).

## Standing

In its first two points of error, the City contends that the trial court erred in granting Laidlaw's and Eco's motion for summary judgment and denying its motion for summary judgment because Laidlaw and Eco had no standing to assert a private cause of action to set aside its annexation ordinances. The City, relying on *Alexander Oil Co. v. City of Seguin,* 825 S.W.2d 434 (Tex.1991), argues that the only proper method for attacking the validity of a city's annexation of territory is by *quo warranto* proceeding unless the annexation is wholly void. In response, the City asserts that none of Laidlaw's and Eco's claims render its annexation ordinances void, other than possibly the claim raised by Laidlaw and Eco that the metes and bounds descriptions contained in the annexation ordinances did not close. Laidlaw and Eco argue that they have standing to assert their claims against the City that the annexation ordinances failed to comply with the statutory size and width limitations because such claims render the ordinances wholly void.

In *Alexander Oil Co.,* the Texas Supreme Court addressed the issue of whether the Texas Legislature intended to allow a private party judicial relief to set aside a city's annexation of territory for alleged procedural irregularities. *Alexander Oil Co.,* 825 S.W.2d at 435. In that case, Alexander Oil brought suit as a private party to void the annexation of its property by the City of Seguin. *Id.* Alexander Oil alleged that the city did not comply with the notice, hearing, or service plan requirements of the Texas Local Government Code. *Id.*

The court recognized that the only proper method for attacking the validity of a city's annexation of territory is through an action brought by the State, known as a *quo warranto* proceeding, unless the annexation is wholly void. *Id.* at 436. The court then discussed what makes an annexation wholly void. *Id.* at 438. The court noted that private challenges of annexation ordinances have been sustained and the ordinances held void in the following instances: (1) the annexation exceeded the statutory size limitations, (2) the annexed territory was within the corporate limits of another municipality or was not contiguous to the annexing municipality, and (3) the boundary of the annexed territory did not close using the description contained in the ordinance. *Id.*

■ With respect to Alexander Oil's allegations regarding irregularity of notice, hearing, and service plan requirements, the court held that such alleged irregularities constituted an improper exercise of valid authority, not an entire want of authority, making the ordinance merely voidable not void. *Id.* at 438–39. The reasoning behind the court's holding in *Alexander Oil Co.* was when a city exceeds its annexation authority granted by the legislature thereby acting without authority, such action renders an annexation ordinance void. *See id.* at 438. When, however, an annexation is authorized by law, any irregularity in annexing the property can only be challenged through a *quo warranto* proceeding. *Id.* at 439.

■ Applying the holding in *Alexander Oil Co.* to this case, the only complaints that Laidlaw and Eco had standing to assert were their claims that the annexed property exceeded the four square mile size limit and the one-half mile width limit and that the metes and bounds descriptions in the ordinances did not close. These claims allege the City exceeded its annexation authority granted by the legislature and, if valid, render the ordinances wholly void. Applying the same rationale of *Alexander Oil Co.,* Laidlaw and Eco did not have standing to assert their claims that there was an improper signature on the annexation petitions and that notice of the hearings on the annexation ordinances was improper. These claims allege irregularities made by the City in the exercise of its annexation power granted by the legislature and, if valid, would render the ordinances voidable not void. Accordingly, we sustain the City's first and second points of error with respect to Laidlaw's and Eco's claims that there was an improper signature on the annexation petitions and that the notice of the hearing was improper. We overrule the City's first and second points of error with respect to whether Laidlaw and Eco had standing to assert their claims that the annexed territory exceeded the four

square mile size limitation and the one-half mile width limitation and that the metes and bounds descriptions in the ordinances did not close.

### Is there a Four Square Mile Size Limitation on Annexation?

In its third and fourth points of error, the City contends that the trial court erred in granting summary judgment for Laidlaw and Eco and denying its motion for summary judgment because the four square mile size limitation in section 5.901(2) of the Texas Local Government Code applies only to incorporations, not annexations, by type A municipalities. The City relies on the plain language of section 5.901(2) and section 43.024 of the Texas Local Government Code, the section granting type A municipalities annexation authority, in support of its contention. Laidlaw and Eco contend that the four square mile size limitation for incorporation also applies to annexations by type A municipalities. They rely on *City of Deer Park v. State ex rel. Shell Oil Co.*, 259 S.W.2d 284 (Tex.Civ.App.—Waco 1953), *aff'd*, 154 Tex. 174, 275 S.W.2d 77 (1954) in support of their contention.

 The City's third and fourth points of error raise the issue of statute construction. We construe a statute to give effect to its legislative intent. *Estate of Padilla v. Charter Oaks Fire Ins. Co.*, 843 S.W.2d 196, 198 (Tex.App.—Dallas 1992, writ denied). First, we review the language of the statute. *Id.* When the wording of a statute is ambiguous, we consult statutory construction rules and related legislative history. *Id.* We review an act as a whole. *Id.* We do not give a statute meaning that conflicts with other provisions if we can reasonably harmonize the provisions. *Id.* We give full effect to the statute's language, not just one word or phrase. *Id.* When the legislature does not expressly define statutory terms, we give the words ordinary meaning. *Id.* If the statute refers to a person, thing, or consequence, it excludes all others. *Id.* at 199. We do not construe a statute in a manner that will lead to a foolish or absurd result when another alternative is available. *Id.*; *see* Tex.Gov't Code Ann. §§ 311.001–

.032, 312.001–.013 (Vernon 1988 & Supp. 1994).

Applying these rules of construction, we first review the plain language of sections 5.901(2) and 43.024 of the Texas Local Government Code to determine their legislative intent. Section 5.901 is entitled "Territorial Requirements for *Incorporation* as General–Law Municipality." Subsection 5.901(2) provides:

A community may not *incorporate* as a general-law municipality unless it meets the following territorial requirements:

\* \* \* \* \* \*

(2) a community with 2,001 to 4,999 inhabitants must have not more than four square miles ·of surface area. . . .

Tex.Local Gov't Code Ann. § 5.901(2) (Vernon 1988) (emphasis added). Section 43.024 is entitled "Authority of Type A General–Law Municipality to *Annex* Area on Request of Area Voters" and provides:

(a) This section applies only to the *annexation* of an area that:

(1) is one-half mile or less in width; and

(2) is contiguous to a Type A general-law municipality.

(b) If a majority of the qualified voters of the area vote in favor of becoming a part of the municipality, any three of those voters may prepare an affidavit to the fact of the vote and file the affidavit with the mayor of the municipality.

(c) The mayor shall certify the filed affidavit to the governing body of the municipality. On receipt of the certified affidavit, the governing body by ordinance may annex the area.

(d) On the effective date of the ordinance, the area becomes a part of the municipality and the inhabitants of the area are entitled to the rights and privileges of other citizens of the municipality and are bound by the acts and ordinances adopted by the municipality.

Tex.Local Gov't Code Ann. § 43.024 (Vernon 1988) (emphasis added). It is undisputed in this case that the City is a type A municipality with a population of between 2001 and

4999 and that the annexations in this case were made pursuant to section 43.024.

■ The plain language of section 5.901(2) indicates that the legislative intent was for that section to apply only to incorporations by municipalities with a population of between 2001 and 4999. The plain language of section 43.024 indicates that the legislative intent was for that section to apply only to annexations by type A municipalities. The title of section 5.901 refers to "incorporation," and the section itself uses the term incorporation, not annexation, indicating an intent to exclude all other situations. The title of section 43.024 refers to "annexation," and the section itself uses the term annexation. Section 43.024 does not refer to section 5.901 or use the term incorporation. The only limitations on annexation contained in section 43.024 are the one-half mile width and the contiguous requirements. Construing these two sections as Laidlaw and Eco suggest means that a type A municipality could never be more than four square miles. We hold that the reasonable construction of these two statutes based upon the legislative intent as evidenced by their plain language is that the four square mile limitation in section 5.901(2) applies only to incorporation and not to subsequent annexations by a type A municipality. Under section 43.024, subsequent annexations by a type A municipality are limited only by the specific requirements in that section.

Laidlaw's and Eco's reliance on *City of Deer Park* for the proposition that the section 5.901(a) area limitations apply to type A municipality annexations is misplaced. In that case, the City of Deer Park's annexation was pursuant to article 1135 of the Texas Revised Civil Statutes (now section 43.025 of the Texas Local Government Code which applies to type B municipality annexations). *City of Deer Park*, 259 S.W.2d at 287. Article 1135 contained specific language incorporating the area limitations of article 971 of the Texas Revised Civil Statutes (now section 5.901 of the Texas Local Government Code) for annexations. *Id.* In *dicta*, the Waco Court of Appeals said that the article 971 area limitations would apply to annexations under article 974 of the Texas Revised Civil

Statutes (now section 43.024 of the Texas Local Government Code), despite the fact that article 974 did not contain the same express language as article 1135 incorporating the area limits of article 974. *Id.* The Texas Supreme Court affirmed the Waco Court of Appeals' decision on the City of Deer Park's failure to properly assign error in its application for writ of error. *City of Deer Park*, 275 S.W.2d at 86.

We note that the current version of section 43.025 of the Texas Local Government Code, which applies to type B municipality annexations, specifically provides that the "municipality may not be enlarged under this section to exceed the area requirements established by Section 5.901." Tex.Local Gov't Code Ann. § 43.025(d) (Vernon 1988). That language is absent from section 43.024, the type A municipality annexation statute, indicating a specific legislative intent not to incorporate the area limitations of section 5.901 in type A municipality annexations. Accordingly, since *City of Deer Park* dealt with a type B municipality annexation in which the area limitations of section 5.901 were specifically included and this case involves a type A municipality annexation in which the area limitations of section 5.901 are not included, the holding in *City of Deer Park* is not applicable to this case because it is contrary to the legislative intent of sections 5.901 and 43.024 as evidenced by the express language of those statutes. We sustain the City's third and fourth points of error.

### Laidlaw's and Eco's Summary Judgment Evidence

In their fifth point of error, the City contends that the trial court erred in denying its motion for summary judgment on Laidlaw's and Eco's claims that the property annexed exceeded the one-half mile width limit and the metes and bounds descriptions of the property in the annexation ordinances did not close. The City argues that it conclusively proved through the affidavit of Charles Roden that the annexed property did not exceed one-half mile in width and that the metes and bounds descriptions in the annexation ordinances closed. The City asserts that Laidlaw and Eco failed to raise a fact

issue with respect to these claims because the only evidence they presented was the verified original petition attached to their response and it was not competent summary judgment evidence.

 Pleadings, even if sworn, are not proper summary judgment evidence. *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971); *Sugarland Business Ctr., Ltd. v. Norman,* 624 S.W.2d 639, 642 (Tex.App.—Houston [14th Dist.] 1981, no writ). Rule 166a(f) of the Texas Rules of Civil Procedure provides that affidavits in opposition to motions for summary judgment shall be made on personal knowledge, set forth facts admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. TEX. R.CIV.P. 166a(f). To be competent summary judgment evidence, an affidavit must set forth the basis on which the affiant had personal knowledge of the facts asserted. *Radio Station KSCS v. Jennings,* 750 S.W.2d 760, 761–62 (Tex.1988). Defects in the form of affidavits will not be grounds for reversal unless specifically pointed out by objection by an opposing party with an opportunity, but refusal, to amend. TEX.R.CIV.P. 166a(f). The failure of an affidavit to be made on personal knowledge or specify how the affiant had personal knowledge of the facts asserted is a defect in substance, not form, and need not be objected to at trial to be a ground for reversal. *See Fair Woman, Inc. v. Transland Management Corp.,* 766 S.W.2d 323, 324 (Tex.App.—Dallas 1989, no writ).

Even if we consider the verifications attached to Laidlaw's and Eco's original petition as distinct from the pleading, we agree with the City that they were insufficient to raise a fact issue on the one-half mile width and metes and bounds closure issues. *See Habern v. Commonwealth Nat'l Bank,* 479 S.W.2d 99, 100 (Tex.Civ.App.—Dallas 1972, no writ). The verifications attached to Laidlaw's and Eco's original petition were not made on personal knowledge nor did they set forth how the affiants had personal knowledge of the facts alleged in the original petition. Accordingly, they were not competent summary judgment evidence. *See* TEX. R.CIV.P. 166a(f); *Radio Station KSCS,* 750

S.W.2d at 761–62. The City presented competent summary judgment evidence in support of its motion that conclusively showed the annexed property was not wider than one-half mile and that the metes and bounds descriptions of the annexed property in the ordinances closed. Laidlaw and Eco failed to present competent summary judgment evidence to raise fact issues on these claims. We, therefore, sustain the City's fifth point of error.

Because of our disposition of the City's first two points of error, we need not reach the City's sixth and seventh points of error.

We reverse the trial court's judgment and render judgment that Laidlaw and Eco take nothing by way of their claims against the City in this case.