**Karen MORIN, Appellant,**

v.

**John F. HELFRICK, D.D.S., Appellee.**

No. 01–95–00808–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 15, 1996.

Robert J. Binstock, Shari A. Wright, Houston, for Appellant.

Gregg S. Weinberg, John B. Wallace, Houston, for Appellee.

Before TAFT, COHEN and HEDGES, JJ.

## OPINION

TAFT, Justice.

Appellant, Karen Morin, appeals from a take nothing summary judgment rendered in favor of appellee, John F. Helfrick, D.D.S. In this appeal, we are asked to determine whether a "continuing course of treatment"

existed between Morin and Dr. Helfrick beyond Morin's last office visit and at what point the applicable statute of limitations began to run on her cause of action for malpractice. We affirm.

## Facts

Morin first consulted Dr. Helfrick concerning treatment for her temporomandibular joint (TMJ) pain on August 28, 1989. After attempting several types of treatment, Dr. Helfrick performed a bilateral TMJ replacement using Vitek–Kent II implants containing Proplast on January 10, 1990. During the same operation, Dr. Helfrick performed a chin implant and a bilateral mandibular angle implant, both of which were also made of Proplast.

On February 3, 1990, less than a month after Morin's initial surgery, she was involved in an auto accident which aggravated her condition. Subsequently, Dr. Helfrick performed three additional surgical procedures in an unsuccessful attempt to relieve Morin's pain. Morin continued to see Dr. Helfrick until she moved from Houston to Phoenix, Arizona.

Morin's last office visit with Dr. Helfrick was on January 23, 1992. When she moved to Arizona, Dr. Helfrick referred Morin to Dr. James Bertz in Scottsdale, Arizona, for follow-up treatment concerning her complications. Morin alleges that Dr. Bertz consulted with Dr. Helfrick concerning Morin's case on March 3, 1992, and several times after this date. It was Dr. Helfrick's contention that the implants were not the cause of Morin's continued pain, and he recommended they not be removed. Dr. Bertz independently made the decision to remove the implants, and did so on March 27, 1992. Upon removal, it was determined by Dr. Bertz that Morin's pain was caused by a foreign body inflammatory response to the Proplast Vitek implant.

Morin gave Dr. Helfrick written notice that she was asserting a medical malpractice claim under the Medical Liability and Insurance Improvement Act[1] on March 3, 1994. She filed suit on May 23, 1994. Dr. Helfrick

---

1. TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.02 (Vernon Pamph.1996).

contended in his motion for summary judgment that the latest date for which the applicable statute of limitations could have begun to run was on January 23, 1992, the date of Morin's last office visit with Dr. Helfrick. Based upon this interpretation of the applicable statute of limitations, Morin had to file suit or send written notice of malpractice claim by January 23, 1994. Because she did not, the trial court determined that Dr. Helfrick was entitled to judgment as a matter of law.

### Sole Point of Error

In her sole point of error, Morin argues that the trial court erred by granting Dr. Helfrick's motion for summary judgment because he failed to carry his summary judgment burden of proving as a matter of law the date the statute of limitations began to run under the facts of this case. More specifically, Morin contends that since Dr. Helfrick consulted with Dr. Bertz concerning her course of treatment beyond her last office visit with Dr. Helfrick on January 23, 1992, the statute of limitations did not begin to run until sometime after this date. Furthermore, she alleges that because these consultations were made on her behalf and concerned the treatment made the subject of her claim, these consultations extended Dr. Helfrick's course of treatment and tolled the statute of limitations until Dr. Helfrick's course of treatment was completed at some date beyond January 23, 1992. Thus, it is Morin's contention that Dr. Helfrick did not establish as a matter of law that the statute of limitations began to run on January 23, 1992.

### Standard of Review

■ Viewing the evidence in the light most favorable to the plaintiff, a summary judgment will only be proper if, as a matter of law, the plaintiff could not succeed upon any theory pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). In determining whether a disputed material fact issue exists, the reviewing court must accept as true all evidence favorable to the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Additionally, the reviewing court must indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 549.

■ Furthermore, summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989). The defendant, as movant, must either disprove at least one element of each of the plaintiff's theories of recovery, or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). Thus, "[w]hen a defendant moves for summary judgment on the basis of the affirmative defense of limitations, it assumes the burden of proving as a matter of law that the suit was barred by limitations." *Estate of Magness v. Hauser*, 918 S.W.2d 5, 6–7 (Tex.App.—Houston [1st Dist.], n.w.h.).

### Statute of Limitations

■ The applicable statute of limitations for health care liability claims is found in Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Pamph.1996). *Rowntree v. Hunsucker*, 833 S.W.2d 103, 104 (Tex.1992); *Bangert v. Baylor College of Medicine*, 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Under this statute, the two-year limitations period begins to run from one of three possible dates: (1) the occurrence of the breach or tort; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is complete. *Rowntree*, 833 S.W.2d at 104; Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01. Additionally, the applicable tolling provision of the statute is found in section 4.01(c), which states "[n]otice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice...." Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01(c) (Vernon Pamph.1996). Based upon the date Morin filed suit, the limitations period would

have to begin no earlier than March 9, 1992 in order for her suit to have been timely filed.[2]

■ In *Kimball v. Brothers*, 741 S.W.2d 370 (Tex.1987), the court held that if the date for which the specific breach or tort is ascertainable from the facts of the record, the statute begins to run from that date. *Id.* at 374; *see also Adkins v. Tafel*, 871 S.W.2d 289, 292 (Tex.App.—Fort Worth 1994, no writ). However, if the complaint is that the defendant instituted an improper course of treatment based upon a misdiagnosis, the last date on which such improper treatment is administered is the date the statute begins to run. *Rowntree*, 833 S.W.2d at 105; *Kimball*, 741 S.W.2d at 372.

The facts in this case establish that Morin's initial surgery was performed by Dr. Helfrick on January 10, 1990. Morin's auto accident which aggravated the surgery occurred on February 3, 1990. Dr. Helfrick's treatment of Morin's pain continued at least until her last office visit with him on January 23, 1992. However, what must be determined is whether the alleged breach or tort was caused by the initial surgery, or whether Morin's injury was caused by a misdiagnosis or mistreatment.

It appears both situations occurred. First, the Proplast implants allegedly caused a foreign body inflammatory reaction. Therefore, the initial surgery was the cause of the breach or tort. Second, because Dr. Helfrick allegedly misdiagnosed the fact that the implants were causing Morin's pain, his treatment of her symptoms rather than removal of the implants was an improper course of treatment based upon his misdiagnosis.

Dr. Helfrick contends that even if this Court were to hold that the improper course of treatment tolled the beginning of the limitations period until Morin's last office visit on January 23, 1992, Morin would have had to have given notice asserting her claim by January 23, 1994. Because this did not occur until March 3, 1994, the limitations period

had run and, therefore, Dr. Helfrick was entitled to judgment as a matter of law.

■ However, the date of the patient's last examination is not necessarily the triggering event for commencement of the statute of limitations in a medical malpractice suit. *Rowntree*, 833 S.W.2d at 105. Tolling of the limitations period can run for as long as the mistreatment continues. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). Additionally, once a physician-patient relationship exists, as in this case, treatment of a patient includes consulting and rendering services for the benefit of the patient. *See Lopez v. Aziz*, 852 S.W.2d 303, 306 (Tex.App.—San Antonio 1993, no writ); *Dougherty v. Gifford*, 826 S.W.2d 668 (Tex.App.—Texarkana 1992, no writ).

Morin states in her affidavit that Dr. Helfrick consulted with Dr. Bertz concerning her continued treatment from February 1992 through March 1992. Furthermore, Morin offered Dr. Bertz's affidavit which confirms his discussions concerning Morin's course of treatment with Dr. Helfrick on March 3, 1992, and further consultations beyond this date. Therefore, according to the affidavits, it appears that Dr. Helfrick's treatment of Morin continued through some date beyond March 3, 1992. Morin's notice of claim on March 3, 1994 would thus satisfy the statute of limitations under TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01. Because we accept all evidence favorable to the nonmovant as true, the assertions in the affidavits would raise a fact issue as to when the statute of limitations began and, therefore, Dr. Helfrick would not have sustained his burden of proving, as a matter of law, the suit was barred by limitations. However, both affidavits are flawed and we are unable to utilize the assertions contained in them.

**Sufficiency of Affidavits**

■ Rule 166a(f) of the Texas Rules of Civil Procedure provides that affidavits in opposition to motions for summary judgment be made on personal knowledge, set forth facts admissible in evidence, and show affir-

---

**2.** Suit was filed on May 23, 1994. Subtracting two years and 75 days from this date equates to March 9, 1992. This date may, however, vary a

day or two because when counting forward, if the last day falls on a weekend or holiday, suit may be filed on the next working day.

matively that the affiant is competent to testify to the matters stated therein. TEX. R.CIV.P. 166a(f). Furthermore, conclusory statements contained in one's affidavit are not competent to serve as summary judgment evidence. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991); *Wheeler v. Yettie Kersting Memorial Hosp.*, 866 S.W.2d 32, 40 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Trapnell v. John Hogan Interests, Inc.*, 809 S.W.2d 606, 610 (Tex.App.—Corpus Christi 1991, writ denied).

 Morin's affidavit contains conclusory statements and lacks the basis on which she had personal knowledge of the facts asserted. Because Morin offered no basis of knowledge concerning how she knew the discussions took place between Dr. Helfrick and Dr. Bertz, we are unable to consider her statements concerning the alleged conversations. *See Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761–62 (Tex.1988); *City of Wilmer v. Laidlaw Waste Sys., Inc.*, 890 S.W.2d 459, 467 (Tex.App.—Dallas), *aff'd*, 904 S.W.2d 656, 660–61 (Tex.1995). Dr. Helfrick objected to Morin's affidavit as containing incompetent evidence, but did not receive a ruling. However, objections to affidavits containing defects in substance need not be objected to at the trial level; thus, a ruling was not necessary. *See Laidlaw Waste Sys., Inc.*, 890 S.W.2d at 467 (holding that the failure of an affidavit to be made on personal knowledge or specify how the affiant had personal knowledge of the facts asserted is a defect in substance and need not be objected to at trial to be a ground for reversal). Furthermore, in *Ramirez v. Transcontinental Ins. Co.*, 881 S.W.2d 818, 828 (Tex.App.—Houston [14th Dist.] 1994, writ denied), the court held that an objection to an affidavit on the ground that it states a legal conclusion relates to a defect in substance. Under facts very similar to this case, the *Ramirez* court held that objections to defects in the substance of affidavits, even if not ruled on, may be raised for the first time on appeal. *Id.* Thus, Dr. Helfrick did not waive his right to raise this issue on appeal.

 Although Dr. Bertz's affidavit confirms the discussions between the two doctors, and would otherwise be competent summary judgment evidence to prove Dr. Helfrick's continued course of treatment beyond Morin's last office visit with him, the affidavit was offered after the summary judgment hearing as grounds for Morin's motion for new trial. Therefore, it was not part of the evidence in opposition to the motion for summary judgment presented to the trial court. In order for the trial court to consider evidence at a summary judgment hearing, "[b]oth the reasons for summary judgment *and the objections to it* must be in writing and *before the trial judge at the hearing*." *Friedrich Air v. Bexar Appraisal Dist.*, 762 S.W.2d 763, 767 (Tex.App.—San Antonio 1988, no writ) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979)) (emphasis added).

## Conclusion

 Without considering the assertions in the affidavits, we must base the beginning of the limitations period on the last ascertainable date of treatment. *Rowntree*, 833 S.W.2d at 105; *Kimball*, 741 S.W.2d at 372. Because the last day Dr. Helfrick treated Morin was during her last office visit on January 23, 1992, the limitations period began to run from this date. Thus, Morin would have had to give notice of suit or file suit by January 23, 1994. Because she did not, Dr. Helfrick has sustained his burden of proof and was entitled to judgment as a matter of law.

Accordingly, we overrule Morin's sole point of error and affirm the trial court's judgment.