Affirmed and Opinion filed January 30, 2003









Affirmed and Opinion filed
January 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01037-CV

_______________

 

BARRY M. HODGKINS, JR., INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF LAVERNE HODGKINS, DECEASED, AND ON BEHALF OF

BARRY M. HODGKINS, III, Appellant

 

V.

 

R.A. BRYAN, M.D. AND 

MEMORIAL RADIOLOGY ASSOCIATES, P.A., Appellees

                                                                                                                                                

On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 00-56673

                                                                                                                                                

 

O P I N I O N

Barry M. Hodgkins, Jr. appeals a summary judgment in favor of
R.A. Bryan, M.D. and Memorial Radiology Associates.  In four issues, appellant contends the
no-evidence summary judgment should be reversed because: (1) the record reveals
more than a scintilla of evidence of causation; (2) the defendants failed to
conclusively establish all elements of their affirmative defense; (3) appellant
retains a survivor action; and (4) appellant has not violated the statute of
limitations.  We affirm.

Factual Background








In October 1998, Laverne Hodgkins visited her primary care
physician with complaints of difficulty swallowing and shortness of
breath.  Ms. Hodgkins was diagnosed with
lung cancer and referred to an oncologist on November 3, 1998.  On November 5, 1998, the oncologist indicated
she would treat Ms. Hodgkins=s lung cancer pending results of a brain CT scan.  Pre- and post-contrast CT scans were
performed that day and interpreted by Dr. R.A. Bryan.  Dr. Bryan reported that the CT scans were
negative.  The oncologist relied on Dr.
Bryan=s report and treated Ms. Hodgkins=s lung cancer.  According to the plaintiff=s petition, the oncologist declared
Ms. Hodgkins free of lung cancer.

On June 24, 1999, Ms. Hodgkins went to the emergency room
suffering from disorientation, confusion, irrational behavior, and
forgetfulness.  A CT scan of her brain
showed two cancerous lesions.  One of the
lesions was present on the CT scan performed by Dr. Bryan on November 5,
1998.  Laverne Hodgkins died October 21,
1999 from respiratory arrest secondary to metastatic brain cancer.








Appellant filed suit individually and on Ms. Hodgkins=s behalf against Dr. Bryan, Memorial
Radiology Associates, Memorial Hermann Hospital, and the oncologist.  Appellant seeks recovery under the Wrongful
Death Act[1]
and the Survival Statute.[2]  Appellant asserts Dr. Bryan was negligent in
that he failed to properly read the CT scans and failed to accurately report
the results of the CT scans.  Memorial
Radiology Associates (MRA) was named in the suit for failing to properly
supervise Dr. Bryan.  Dr. Bryan and MRA
filed a no-evidence motion for summary judgment on the ground that appellant
could not produce evidence that Ms. Hodgkins had a fifty-one percent or greater
chance of survival on November 5, 1998, the date of the alleged
malpractice.  MRA supplemented its motion
for summary judgment, contending that the statute of limitations had expired
before appellant brought MRA into the suit. 


In response to the motion for summary judgment, appellant
filed affidavits from Dr. Malin Dollinger and Dr. Frank Mainzer.  Dr. Mainzer stated in his affidavit that the
November 5, 1998 scan demonstrated a definite area of abnormality of the left
brain and a radiologist reviewing such an abnormality could expect a metastatic
tumor.  In his affidavit, Dr. Dollinger
stated that, based on reasonable medical probability, had the brain cancer been
detected, as reflected on the CT scan of November 5, 1998, Ms. Hodgkins would
have received appropriate treatment and, in all medical probability, would not
have died from the brain cancer.  Dr.
Dollinger further stated, Athat as of the time of the brain CT scans of November 5,
1998, Ms. Laverne Hodgkins had a fifty-one percent (51%) or greater chance of
not dying of the brain cancer had treatment been given for this shortly
thereafter.@ 
Dr. Dollinger further opined that Ms. Hodgkins=s death was preventable and the
proximate cause of her death was the negligence of Dr. Bryan in failing to
properly report the results of the November 5  CT scans.  At the conclusion of his affidavit, Dr.
Dollinger stated, A[H]ad Ms. Laverne Hodgkins= brain cancer been diagnosed in
November, 1998 and thereafter treated in accordance with standard treatment
protocols, that Laverne Hodgkins would have lived at least an additional 6 to
12 months.@ 
The trial court granted summary judgment for Dr. Bryan and MRA.

Standard of Review








A no-evidence motion for summary judgment shifts the burden
of proof to the non-movant to produce evidence raising a genuine issue of
material fact on the contested issue on which the non-movant would bear the
burden of proof at trial.  See Tex. R. Civ. P. 166a(i).  In this motion, a party asserts there is no
evidence of one or more essential elements of the claims upon which the
opposing party would have the burden of proof at trial.  Lake Charles Harbor and Terminal Dist. v.
Bd. of Trs. of Galveston Wharves, 62 S.W.3d 237, 241 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).  Unlike a movant for traditional summary
judgment, a movant for a no‑evidence summary judgment does not bear the
burden of establishing a right to judgment by proving each claim or
defense.  Id.  To defeat a no-evidence summary judgment
motion, the non-movant need not marshal its proof, but should identify more
than a scintilla of evidence raising a fact issue on the challenged
elements.  See Tex. R. Civ. P. 166(i) cmt.  

A non-movant puts forth less than a mere scintilla of
evidence when that which is proffered is Aso weak as to do no more than create
a mere surmise or suspicion@ C the effect being that there is no evidence offered.  Hight v. Dublin Veterinary Clinic, 22
S.W.3d 614, 619 (Tex. App.CEastland 2000, pet. denied). 
We review the evidence in the light most favorable to the non-movant,
disregarding all contrary evidence and inferences.  Merrell Dow  Pharm., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997). 

Lost Chance of Survival








In his first issue, appellant contends the summary judgment
should be reversed because the record reveals more than a scintilla of evidence
of causation.  To prove medical
malpractice, the patient shoulders the burden of proving the physician breached
the standard of care and that such a breach proximately caused the patient=s injuries.  Duff v. Yelin, 751 S.W.2d 175, 176
(Tex. 1988).  Appellees allege in their
no-evidence motion for summary judgment that the non-movant has no evidence
appellees= negligence was the proximate cause
of Ms. Hodgkins=s injuries.  Proximate
causation embraces two concepts: 
foreseeability and cause in fact. 
Travis v. City of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992).  Cause in fact means that the defendant=s act or omission was a substantial
factor in bringing about the injury, which would not otherwise have
occurred.  Prudential Ins. Co. v.
Jefferson Assocs., 896 S.W.2d 156, 161 (Tex. 1995).  More specifically, appellees contend
appellant produced no evidence of cause in fact.  

To prove cause in fact, the plaintiff must establish a causal
connection between the negligent act and the injury based on reasonable medical
probability.  Bottoms v. Smith,
923 S.W.2d 247, 251 (Tex. App.CHouston [14th Dist.] 1996, no writ).  The effect of this requirement is to bar
recovery where the defendant=s negligence deprived the plaintiff of only a fifty percent
or less chance of avoiding the ultimate harm. 
Kramer v. Lewisville Mem=l Hosp., 858 S.W.2d 397, 405 (Tex.
1993).  A[W]here pre-existing illnesses or
injuries have made a patient=s chance of avoiding the ultimate harm improbable even before
the allegedly negligent conduct occurs B i.e., the patient would die
or suffer impairment anyway C the application of these traditional causation principles
will totally bar recovery, even if such alleged negligence deprived the patient
of a chance of avoiding the harm.@ 
Id. at 400.  Because the
Wrongful Death Act authorizes recovery solely for injuries that cause death,
the act does not authorize recovery for the loss of less than an even chance of
avoiding death.  Id. at 404.  If the patient=s chance of avoiding death was less
than fifty-one percent, recovery is not authorized under the Wrongful Death
Act, the Survival Statute, or common law. 
Id. at 398.








Appellant contends the summary judgment must be reversed
because he did not seek recovery for the lost chance of survival.  Regardless of whether appellant did not
specifically plead a lost chance of survival cause of action, he cannot show
proximate cause unless he presents more than a scintilla of evidence that Ms.
Hodgkins had a greater than fifty percent chance of survival had the
malpractice not occurred.  See id. at
407.  Appellees contend appellant failed
to produce evidence that Ms. Hodgkins=s chance for survival at the time of
the alleged malpractice was fifty-one percent or higher.  Appellant contends the affidavits of Dr.
Dollinger and Dr. Mainzer were sufficient to raise fact issues on the lost
chance of survival claim.  Dr. Mainzer
stated that the CT scans of November 5, 1998 demonstrated a definite area of
abnormality in the left brain, which was readily discernable as a metastatic
tumor on November 5, 1998.  In his
affidavit, Dr. Dollinger stated that at the time of the CT scans on November 5,
1998, Ms. Hodgkins had a fifty-one percent or greater chance of not dying of
brain cancer had treatment been given at that time, or shortly thereafter. 

Appellees further contend Dr. Dollinger=s affidavit is conclusory; therefore,
it is not proper summary judgment proof. 
A conclusory statement is one that does not provide the underlying facts
to support the conclusion.  Rizkallah
v. Conner, 952 S.W.2d 580, 587 (Tex. App.CHouston [1st Dist.] 1997, no
writ).  Conclusory statements in
affidavits are not proper as summary judgment proof if there are no facts to
support the conclusions.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996).  An expert=s affidavit must demonstrate the
qualification of the affiant to state his or her conclusion and some basis upon
which the conclusion is reached.  Murillo
v. Garza, 904 S.W.2d 688, 692 (Tex. App.CSan Antonio 1995, writ denied).  An objection that an affidavit is conclusory
is an objection to the substance of the affidavit and may be raised for the
first time on appeal.  City of Wilmer
v. Laidlaw Waste Sys., Inc., 890 S.W.2d 459, 467 (Tex. App.CDallas 1994), aff=d, 904 S.W.2d 656, 660B61 (Tex. 1995).

In his affidavit, Dr. Dollinger recited the following facts:

$                  
His medical
qualifications

$                  
Hodgkins=s medical records, including the November 5, 1998 CT
scans and her death certificate

$                  
Hodgkins=s medical history prior to the lung cancer diagnosis

$                  
Hodgkins received
appropriate treatment for lung cancer including chemotherapy and radiation

$                  
Hodgkins=s development of disorientation, confusion, and
irrational behavior in June 1999

$                  
A CT scan in 1999
revealed two lesions, one of which was present on the CT scan in November 1998








$                  
The cause of
Hodgkins=s death was respiratory arrest due to, or as a likely
consequence of, metastatic brain cancer

$                  
A seven to eight
month delay in treatment of Hodgkins=s brain
cancer

 

Dr. Dollinger did not refer to any recognized studies or
otherwise explain the basis for his chance of survival opinion.  He did not refer to any scientific journals
or texts, which might provide some basis for his conclusion.  Further, Dr. Dollinger failed to state what
treatment Ms. Hodgkins would have received had her cancer been promptly
diagnosed and what the rate of success is with that treatment.  Because Dr. Dollinger failed to state facts
or studies to support his conclusion that Ms. Hodgkins would have survived with
prompt treatment, his affidavit lacks foundation and is conclusory.  See Mercer v. Daoran Corp., 676 S.W.2d
580, 583 (Tex. 1984) (holding conclusory statements submitted in an affidavit
will neither support nor defeat a motion for summary judgment).  Appellant did not produce any other evidence
to establish a causal connection between the negligent act and the injury based
on reasonable medical probability. 
Therefore, summary judgment is proper on appellant=s cause of action under the Wrongful
Death Act.  Appellant=s first issue is overruled.

In his second issue, appellant asserts in the alternative
that summary judgment should be reversed because appellees failed to
conclusively establish all elements of their affirmative defense.  Appellant contends the lost chance of survival
is an affirmative defense.  An
affirmative defense is a matter asserted by a party, which, assuming the
complaint to be true, constitutes a defense to it.  RRR Farms. Ltd. v. Am. Horse Prot. Ass=n, Inc., 957 S.W.2d 121, 129 (Tex.
App.CHouston [14th Dist.] 1997, pet.
denied) (citing Black=s Law Dictionary). 
Because a no-evidence motion for summary judgment cannot be based on an
affirmative defense, appellant argues the summary judgment must be
reversed.  See Tex. R. Civ. P. 166a(i).








In Kramer, the supreme court held that Texas does not
recognize a common law cause of action for lost chance of survival in a medical
malpractice case.  Kramer, 858
S.W.2d at 407.  The lost chance of
survival doctrine is a bar to recovery due to lack of causation, not an
affirmative defense.  See Park Place
Hosp. v. Milo, 909 S.W.2d 508, 511 (Tex. 1995); Bradley v. Rogers,
879 S.W.2d 947, 953-57 (Tex. App.CHouston [14th Dist.] 1994, writ
denied).  Because lost chance of survival
is not an affirmative defense, we overrule appellant=s second issue.

In his third issue, appellant contends the summary judgment
should be reversed to allow him to pursue a cause of action under the Survival
Statute.  In Parrott v. Caskey,
the Beaumont Court of Appeals held that, although Mrs. Parrott=s heirs could not, under Kramer,
recover under the Wrongful Death Statute, a cause of action survived her death
for injuries suffered from the time the illness should have been diagnosed to
the time it was actually diagnosed.  873
S.W.2d 142, 150 (Tex. App.CBeaumont 1994, no writ). 
With regard to any recovery under Parrott, Dr. Dollinger=s averments are conclusory because he
failed to state facts that would support a cause of action.  Dr. Dollinger failed to state what injury, if
any, Ms. Hodgkins suffered from the date the cancer should have been diagnosed
to the date it was actually diagnosed and how that injury was qualitatively
different from the injury resulting from the lung cancer.  Appellant=s third issue is overruled.[3]

Accordingly, the judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion
filed January 30, 2003.

Panel consists of Justices
Anderson, Edelman, and Seymore.











[1]  Tex. Civ. Prac. & Rem. Code Ann. '' 71.002 & 71.004 (Vernon Supp. 2002).





[2]  Tex. Civ. Prac. & Rem. Code Ann. ' 71.021 (Vernon Supp. 2002).





[3]  Because we
have found summary judgment is proper on the ground appellant failed to present
competent evidence of causation, we need not address the statute of limitations
ground.  See Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989) (when an order granting summary judgment does not
specify the ground on which it is granted, judgment will be affirmed on appeal
if any of the grounds raised in the motion are meritorious).