**RADIO STATION KSCS, Petitioner,**

v.

**Steve JENNINGS, Respondent.**

**No. C–7358.**

Supreme Court of Texas.

May 4, 1988.

Rehearing Denied June 22, 1988.

Thomas J. Williams, Bishop, Payne, Lamsens & Brown, Fort Worth, for petitioner.

John Crawford, Dallas, for respondent.

## OPINION

PER CURIAM.

This case concerns the competency of certain summary judgment evidence. Radio Station KSCS, located in Fort Worth, as part of a promotional scheme, "guaranteed" to play three songs in a row without commercial interruption. The station announced that it would play "at least three-in-a-row, or we pay you $25,000. No bull, more music on KSCS." Steve Jennings, a station listener, claimed the station had interrupted the three songs with a commercial. He sued for the $25,000 guarantee. The trial court granted KSCS a summary judgment. After appeal, the case was remanded to the trial court, which again granted KSCS a summary judgment. The court of appeals once again reversed, holding that a fact issue existed. 745 S.W.2d 97. We reverse the judgment of the court of appeals and render judgment for KSCS.

In the trial court Jennings alleged that the three-in-a-row statements constituted

oral offers to guarantee payment of $25,-000 to a listener who caught the station playing fewer than three songs in a row due to commercial interruption. Jennings further alleged that he accepted the offer by listening to the station. Jennings claimed that the station interrupted, on several occasions, the playing of three consecutive songs by announcing the names of the songs and singers. Contending that such interruptions were not "commercial interruptions" as defined by the rules of the contest, the station refused to pay Jennings $25,000.[1] Jennings also sued, in addition to the radio station, four employees of the station for breach of an oral contract.

KSCS filed a motion for summary judgment, which was granted by the trial court on the ground that the facts Jennings alleged, even if true, did not state a cause of action. On the first appeal, the court of appeals reversed and remanded for trial. *Jennings v. Radio Station KSCS*, 708 S.W.2d 60 (Tex.App.—Fort Worth 1986, no writ). The court of appeals reasoned that a cause of action sounding in breach of contract was sufficiently alleged: Jennings relied to his detriment by listening to KSCS (instead of another station) because of the promise.

The appeal at bar arose when the trial court again granted the station's motion for summary judgment. The court of appeals affirmed in part and reversed and remanded in part. The court of appeals held that there was a genuine issue of material fact as to whether interruptions to announce the names of songs and singers qualified as paid commercial interruptions as defined in the contest rules. It is from this holding that the Radio Station brings application for writ of error to this court.[2]

Jennings' response to the Radio Station's motion for summary judgment alleged that interruptions to announce the names of songs and singers qualified as paid commercial interruption. Jennings' affidavit controverting the motion for summary judgment provided the basis for this claim:

> The records played by the Defendant on the air are sent to the Defendant by or on behalf of the record companies without charge. The receipt of these records is a valuable consideration flowing to the Defendant. Stated differently, the receipt by Defendant of the records from the record companies is, and amounts to, a payment to Defendant. For this payment, the Defendant makes a paid commercial interruption when it advertises the names of the record company's songs and singers. These paid commercial interruptions having occurred after only two songs in a row followed the same type of advertisements following three songs in a row when Defendant purported to play "five-in-a-row" as is shown on the attached Exhibit B, C and D.

The radio station objected before the trial court and now contends that the affidavit does not disclose the basis upon which Jennings had personal knowledge of the facts asserted.[3] We agree and thus find the decision of the court of appeals to be in conflict with Tex.R.Civ.P. 166a(e).

Rule 166a(e) provides that affidavits submitted in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that

---

1. A written guarantee set forth the rules of the contest. The guarantee stated that KSCS FM 96 guarantees to play three or more songs in a row without commercial interruption." "Interruption" was defined as "only ... commercial announcements—paid announcements for products, services, or commercial enterprises." The guarantee further provided that musical segments interrupted by "any other kind of announcement, such as a public service announcement, station ID, time check, or a station promotional announcement, do not qualify under the guarantee." Jennings alleges that he never

heard the station's qualifying rules to the contest.

2. The court of appeals affirmed the trial court's rendering summary judgment as to the four employees. Jennings did not file a motion for rehearing and has not filed an application for writ of error. Consequently, Jennings' claim against the individual employees is not before this court.

3. The radio station also objected before the trial court that the affidavit contains hearsay.

the affiant is competent to testify to the matters stated therein."[4] The Jennings affidavit fails to meet the requirements of Rule 166a(e). The affidavit fails to show how Jennings became familiar with the facts in the affidavit. Jennings does not claim to have worked for any radio station or record company. Jennings did claim, in a letter to the radio station, that he had done some "promotional work" for musician Ray Wylie Hubbard. This statement, however, fails to explain how such a relationship would give Jennings personal knowledge of the facts alleged.

We hold that the Jennings affidavit controverting the Radio Station's motion for summary judgment fails to establish personal knowledge of the business practices of record companies or of the radio station. Thus, the affidavit is inadequate summary judgment proof.

Accordingly, we grant the application for writ of error, and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and affirms the judgment of the trial court. Tex.R.App.P. 133(b).

---

4. Tex.R.Civ.Evid. 602, a related rule, provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter."