AMERICAN HERITAGE
APARTMENTS, INC.,
Appellant,

v.

BOWIE COUNTY APPRAISAL
DISTRICT, Appellee.

No. 06–05–00112–CV.

Court of Appeals of Texas,
Texarkana.

Submitted May 24, 2006.

Decided June 27, 2006.

Michael W. Eaton, Eaton, Deaguero & Bishop, PLLC, Dallas, for appellant.

Raymond W. Jordan, Jennifer K. Jordan, Jordan Law Firm, Texarkana, for appellee.

Before ROSS, CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

American Heritage Apartments, Inc. (AHA) appeals from an adverse summary judgment rendered in its suit against the Bowie County Appraisal District (BCAD), seeking to reverse BCAD's denial of an ad valorem tax exemption for two apartment complexes in Bowie County owned by AHA. Because we find the trial court properly rendered summary judgment against AHA, we affirm the judgment.

Based on AHA's applications, BCAD granted ad valorem tax exemptions for AHA's two apartment complexes for two years. The exemptions were granted because AHA qualified as a community housing development organization providing rental housing for low- and moderate-income tenants. For the year 2001, however, BCAD denied AHA's applications for

---

* William J. Cornelius, Chief Justice, Retired,  Sitting by Assignment

the exemptions based on its determination that AHA did not meet all of the requirements of Article VIII, Section 2(a) of the Texas Constitution and Sections 11.18(e) and 11.182 of the Texas Tax Code. *See* TEX. CONST. art. VIII, § 2(a); TEX. TAX CODE ANN. §§ 11.18(e), 11.182 (Vernon Supp. 2005). After pursuing its administrative remedies, AHA filed suit. In the trial court, both AHA and BCAD filed motions for summary judgment. Each party attached supporting summary judgment evidence to its motion and also responded to the other party's motion. After a hearing, the trial court granted BCAD's motion for summary judgment and denied AHA's motion for summary judgment. BCAD alleged in its motion as specific grounds for summary judgment allegations that AHA failed to meet several different constitutional and statutory requirements for an exemption. The trial court signed a general order granting BCAD's motion and did not specify in its order the specific ground or grounds on which its judgment was based.

When a motion for summary judgment is based on several specific grounds and the order granting that motion does not state the reasons why the motion is granted, the summary judgment must be affirmed on appeal if any of the grounds raised in the motion is meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989). Consequently, if BCAD's summary judgment evidence conclusively established that AHA failed to meet any one of the requirements necessary to qualify for the exemption, we must affirm the trial court's summary judgment.

Our inquiry in this appeal is narrowed considerably because, although BCAD in its motion for summary judgment raised numerous requirements it contends AHA failed to meet, on appeal it relies mainly on two of those grounds to sustain its summary judgment. They are (1) AHA did not qualify as a community housing development organization because it did not have the required representation on its board of directors for low- and moderate-income persons and neighborhoods, and had no formal process to secure and evaluate input from its low- and moderate-income residents as to the design, siting, development, and management of its properties; and (2) AHA did not meet the requirements of TEX. TAX CODE ANN. § 11.182 because it did not rent its apartments exclusively to low- and moderate-income persons.

The constitutional and statutory requirements that specifically apply to the two issues primarily involved in this appeal are:

TEX. CONST. art. VIII, § 2(a):

The legislature "may, by general laws, exempt from taxation ... institutions engaged primarily in public charitable functions, which may conduct auxiliary activities to support those charitable functions...."

TEX. TAX CODE ANN. § 11.182:

(b) An organization is entitled to an exemption from taxation of improved or unimproved real property it owns if the organization:

(1) is organized as a community housing development organization;

. . . .

(3) owns the property for the purpose of building or repairing housing on the property to sell without profit to a low-

income or moderate-income individual or family satisfying the organization's eligibility requirements or rent without profit to such an individual ·or family; and

(4) engages exclusively in the building, repair, and sale or rental of housing as described by Subdivision (3) and related activities.

42 U.S.C.A. § 12704 (West 2005)—Definitions

As used in this subchapter . . .

. . . .

(6) The term "community housing development organization" means a non-profit organization . . . that . . .

. . . .

(B) maintains, through significant representation on the organization's governing board and otherwise, accountability to low-income community residents and, to the extent practicable, low-income beneficiaries with regard to decisions on the design, siting, development, and management of affordable housing. . . .

24 C.F.R. 92.2:

Sec. 92.2. Definitions.

(iii) Community housing development organization means a private non-profit organization that:

. . . .

(8) Maintains accountability to low-income community residents by:

(i) Maintaining at least one-third of its governing board's membership for residents of low-income neighborhoods, other low-income community residents, or elected representatives of low-income neighborhood organizations . . .

(ii) Providing a formal process for low-income program beneficiaries to advise the organization in its decisions regarding the design, siting, development, and management of affordable housing.

■ The summary judgment evidence shows conclusively that AHA did not meet the requirements to qualify as a community housing development organization. As noted, qualification for a community housing development organization requires, among other things, that (1) the organization maintain one third of its governing board's membership for residents of low-income neighborhoods, other low-income community residents, or elected representatives of low-income organizations, and (2) the organization provide a formal process for low-income program beneficiaries to advise the organization in its decisions regarding the design, siting, development, and management of affordable housing.

Section 11.182 of the Texas Tax Code explicitly incorporates the definition of "community housing development organization" in 42 U.S.C.A. § 12704: The term "community housing development organization" means a nonprofit organization that maintains, through significant representation on the organization's governing board and otherwise, accountability to low-income community residents and, to the extent practicable, low-income beneficiaries with regard to decisions on the design, siting, development, and management of affordable housing. This definition is further illuminated by 24 C.F.R. Section 92.2 where "maintains accountability" is defined as maintaining at least one third of its governing board's membership for residents of low-income neighborhoods, other low-income community residents, or elected representatives of

low-income neighborhood organizations, and providing a formal process for low-income program beneficiaries to advise the organization in its decisions regarding the design, siting, development, and management of affordable housing.

BCAD provided summary judgment evidence that AHA did not, at the time of its application or at the time of trial, meet either of these requirements. AHA did not have the required representation of membership on its governing board, and did not have a formal process for low-income program beneficiaries to advise the organization on its decisions regarding design, siting, development, and management of affordable housing. The undisputed summary judgment evidence shows that none of AHA's five board members resided in low-income neighborhoods. This evidence was provided in the form of data establishing the median income of each board member's residential neighborhood, which showed that none lived in low-income areas, with "low-income" family defined as a family with an annual income not more than fifty percent of the area's median income. 24 C.F.R. § 91.5.

■ Although AHA responded to BCAD's motion for summary judgment, it did not present any summary judgment evidence to contradict BCAD's proof that AHA did not have the required board representation. AHA produced an affidavit of one of its officers, Lonny Weitzel, in which he stated,

during calendar year 2000 and to the present time, AHA had significant representation on its governing board by low-income persons, residents of other low-income neighborhoods, or duly elected representatives of low-income organizations, and by such board memberships

and other means, maintained significant accountability to low-income program beneficiaries.

That statement is a conclusion unsupported by the facts on which it is based.

■ Affidavits supporting or opposing motions for summary judgment must be based explicitly on personal knowledge in order to be competent summary judgment evidence. TEX.R. CIV. P. 166a(f); *Trostle v. Combs*, 104 S.W.3d 206, 214 (Tex.App.-Austin 2003, no pet.). Merely reciting that an affidavit is made on personal knowledge is insufficient. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex.1994); *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761–62 (Tex.1988). The affidavit must go further and disclose the basis on which the affiant has personal knowledge of the facts asserted. *Jennings*, 750 S.W.2d at 762. Conclusory statements, not supported by factual allegations, are insufficient to support summary judgment. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991); *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984).

AHA also failed to produce any summary judgment evidence that it provided a "formal process" for low-income program beneficiaries to advise the organization in its decisions regarding the design, siting, development, and management of affordable housing. Weitzel said, in his deposition, that residents were able to present comments or complaints to the apartment complex management whenever they liked, but this is not evidence of a formal process where residents, the beneficiaries of a low-income housing program, could advise AHA on its decisions regarding the design, siting, development, and management of affordable housing. AHA had no tenant committee or tenant association and no

formalized committee of tenant representatives for the purpose of advising AHA as to these concerns.

Because the undisputed summary judgment evidence shows that AHA was not operated as a community housing development organization as defined by law, the trial court's summary judgment affirming BCAD's denial of the exemption must be affirmed.

BCAD also contends AHA was not entitled to an exemption because it did not rent its apartments exclusively to low-income persons or families. The statute at issue here is Section 11.182 of the Texas Tax Code. The statute allows an exemption from taxes levied on real property if the organization, among other requirements, (a) owns the property for the purpose of building or repairing housing on the property to sell without profit to a low-income or moderate-income individual or family satisfying the organization's eligibility requirements or to rent without profit to such an individual or family, and (b) engages exclusively in the building, repair, and sale or rental of housing as described by subdivision (c) and related activities.

BCAD contends that the phrase "engages exclusively in the . . . rental" in subsection (4) requires a community housing development organization to rent only to low- or moderate-income tenants. However, subsection (4) refers to subsection (3), so a more reasonable construction of these two provisions is that the housing organization must engage exclusively in owning the real property at issue "for the purpose of," in this case, renting without profit to low- or moderate-income tenants. It is undisputed that AHA rented a total of eighty-nine units to individuals or families who did not qualify as low-income or mod-

erate-income persons or families. However, we do not construe these statutory provisions to require that 100 percent of AHA's tenants must be low- or moderate-income persons or families, so long as its exclusive purpose is to make its housing available to low- or moderate-income persons. We find that the summary judgment evidence at least raises a fact issue as to whether AHA complied with the requirements of Section 11.182(3) and (4) of the Texas Tax Code.

BCAD also raises several other issues on which it contends the summary judgment evidence is sufficient to support the judgment in its favor, but in view of our ruling on the first issue discussed here, the summary judgment rendered by the trial court in BCAD's favor must be affirmed, and it is unnecessary for us to discuss the other bases that BCAD urges also support the judgment.

For the reasons stated, we affirm the judgment.