Memorandum Opinion of June 27, 2006 Withdrawn; Affirmed in Part and
Reversed and Remanded in Part and Substitute Opinion filed September 14, 2006








Memorandum Opinion of June
27, 2006 Withdrawn; Affirmed in Part and Reversed and Remanded in Part and
Substitute Opinion filed September 14, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01131-CV

_______________

 

KELLY K. HAY, Appellant

 

V.

 

CITIBANK (SOUTH DAKOTA) N.A, Appellee

                                                                                                                                               


On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 811316

                                                                                                                                               


 

S U B S T I T U T E   O P I N I O N

 

We overrule appellee=s motion for rehearing, withdraw our
memorandum opinion issued in this case on June 27, 2006, and issue this
substitute opinion in its place.  In this action to collect a credit card debt,
Kelly K. Hay appeals a summary judgment granted in favor of Citibank (South
Dakota) N.A. (ACitibank@) on various grounds.  We affirm in part and reverse and remand in part.

 

                                                            Standard
of Review

 A traditional summary judgment is
proper if the motion and summary judgment evidence show that there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law.  Tex. R. Civ. P. 166a(c). 
In reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference, and resolve any doubts, in
the nonmovant's favor. Valence Operating Co. v. Dorsett, 164 S.W.3d 656,
661 (Tex. 2005).

                                                                Sworn
Account

Hay=s first issue contends that the trial
court erred by granting Citibank=s motion for summary judgment because
it was based entirely on a sworn account claim that had been asserted in
Citibank=s original petition, but was omitted
from its amended petition, which contained only claims for breach of contract
and, alternatively, unjust enrichment.

Texas Rule of Civil Procedure 185,
providing for a Asworn account@ claim, is not a rule of substantive law, i.e.,
creating an independent cause of action, but merely a rule of procedure
specifying the evidence necessary to establish a prima facie right of recovery
and thereby require a defendant to file a verified denial in order to dispute
the receipt of the goods or services or the correctness of the stated charges. 
See Rizk v. Fin. Guardian Ins. Agency, Inc., 584 S.W.2d 860, 862 (Tex.
1979).  In this case, Citibank=s motion for summary judgment sought recovery on its contract
and quantum meruit claims without relying on its sworn account allegations (or
contending that Hay failed to file a verified denial of its verified
petition).  Therefore, the presence or absence of sworn account allegations in
its amended petition has no bearing on the summary judgment, and Hay=s first issue is overruled.[1]

 

 

 

 

                                                                        Notice








Hay=s second issue contends that she did
not receive 24 days notice of the summary judgment hearing.  Except on leave of
court, a motion for summary judgment must be filed and served 21 days before
the time specified for the hearing, and 24 days if it is served by mail or
facsimile.[2]  However, a
failure to provide 21 days notice does not require reversal of a summary
judgment if it does not prevent the nonmovant from filing a response which the
court considers in making its ruling.  See Martin v. Martin,
Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998).  Therefore, a
party who receives notice that is untimely, but is nevertheless sufficient to
enable the party to attend the summary judgment hearing, must file a motion for
continuance or otherwise raise the lack of notice in writing, supported by
affidavit evidence, during the summary judgment hearing.  Rios v. Tex. Bank,
948 S.W.2d 30, 33 (Tex. App.CHouston [14th Dist.] 1997, no pet).

Hay complains that only 15 days
written notice was given for the hearing date that was reset to August 18,
2004.  However, Hay cites nothing in the record, except the unsworn allegations
in her motion for new trial, to support this claim that only 15 days notice was
provided.  In addition, whatever notice she received did not prevent her from
presenting, or the trial court from considering, her summary judgment response,[3]
and she had ample time to file a motion for continuance or otherwise raise the
late notice issue in writing at the summary judgment hearing with evidence to
support a need for additional time to respond.  Because Hay did not do so,[4]
this complaint is not preserved for our review, and Hay=s second issue is overruled.

 








Hay=s Affidavit

Hay=s third issue asserts
that her affidavit establishes genuine issues of material fact because it (1)
denies the amount due; (2) denies that she entered into any particular
agreement with Citibank; and (3) states that not all just and lawful offsets
have been allowed.

Conclusory
statements in an affidavit that are unsupported by facts are insufficient to
support or defeat summary judgment.  Wadewitz v. Montgomery, 951 S.W.2d
464, 466 (Tex. 1997); Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122
(Tex. 1996).  Concerning the merits of the case, Hay=s affidavit states only:

I did not agree to the terms of any credit card
with [Citibank].

I deny that the account in question or the Aamount demanded@ was acknowledged by me
as justly due and owing, as alleged by [Citibank] in its petition and motion. 
The amount [Citibank] is suing me for is not just and true.  Not all offsets
and credits have been given against the alleged account.

Because
each of these statements is either a legal conclusion or contention (rather
than a statement of fact), otherwise conclusory (unsupported by any underlying
facts), and/or ambiguous, none of them is sufficient to raise a fact issue. 
Accordingly, Hay=s
third issue is overruled.

                                                      Contract
and Calculations








Hay=s fourth issue claims
that Citibank cannot establish a written contract because it did not offer any
evidence of a signed agreement or of applicable interest, finance charges, or
other charges.  Hay=s fifth issue similarly contends that
Citibank failed to provide calculations of its damages in writing as well as
the evidentiary data used to calculate them and thus failed to carry its burden
to overcome Hay=s
affirmative defenses and verified denials, and establish that all lawful and
just offsets had been allowed.  In that regard, Hay also contends that the
affidavit of Citibank=s servicer, Terri Ryning, lacks probative
value because it does not establish personal knowledge or expertise of the
affiant to testify as to the formation or the terms of the agreement and the
amount due under the agreement.  Further, Hay claims that, because Citibank
failed to attach or serve sworn copies of all papers referred to in the
affidavit, the affidavit is incompetent summary judgment evidence under Rule
166a(c).

The
Ryning affidavit essentially purports to: (1) authenticate the credit card
agreement documents and monthly statements; and (2) state the account balance
due and unpaid.  The evidentiary foundation for Ryning=s personal knowledge is
provided by her statements that: (1) she is a Vice-President of Citicorp Credit
Services, Inc. (USA), a Aservicer@ for Citibank; (2) she is
a custodian of Citibank=s records; and (3) her duties include
having custody and control of records related to Hay=s account.  See, e.g.,
Radio Station KSCS v. Jennings, 750 S.W.2d 760, 761-62 (Tex. 1988). 
Because Hay does not specify what further averments she contends are lacking in
this regard, or what material documents are referred to but not attached, her
challenge to the affidavit is overruled.

With
regard to Hay=s
argument that Citibank did not offer any evidence of a signed agreement, Ryning=s affidavit states that a
true and correct copy of the credit card agreement entered into by Hay is
attached as exhibit C.  This exhibit includes a Apre-approved acceptance
form@
for a Citibank credit card that contains Hay=s signature and several
pages of terms and conditions.  Hay has provided no evidence controverting that
she signed this document, used the credit card, or made the purchases and
partial payments reflected on the Citibank statements.  Citibank=s evidence and Hay=s making purchases and
payments on the account demonstrate the existence of a contract.[5]








In addition to purchases,
the Citibank statements contain charges for late fees and over credit limit
fees, the amounts of which are flat fees plainly specified in the terms and
conditions in exhibit C.  However, the statements also impose finance charges,
which are generally described in the terms and conditions, but neither the
statements nor Citibank=s other summary judgment
evidence provides an explanation showing how these amounts were calculated.  In
addition, although the card agreement states that Citibank may increase the
annual percentage rates on all balances to a default rate of up to 19.99% plus
the applicable prime rate, nothing in the evidence establishes what the
applicable prime rate was for the relevant time periods on the statements. 
Citibank argues that the default rate of 24.24% reflected on some of the
statements minus the 19.99% factor provided in the card agreement indicates
that the applicable prime rate was 4.25%.  Although this reflects what prime
rate was used, it provides no evidence of what the applicable prime rate
for any date or time period actually was, such as by reference to a
source of that information.  Because Citibank=s summary judgment
materials are therefore insufficient to prove that Hay owed the amounts claimed
for finance charges, we sustain her fifth issue as to those amounts, and we
need not address her other challenges to those amounts.

Accordingly, the summary
judgment is:  (1) reversed as to the finance charges and remanded to the trial
court for further proceedings thereon; and (2) affirmed as to the remainder of
the judgment.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and
Substitute Opinion filed September 14, 2006.

Panel consists of
Justices Fowler, Edelman, and Guzman.

 









[1]           In light of our disposition of this issue,
we need not address Hay=s related argument that a credit card debt does not constitute
a sworn account.





[2]           Tex.
R. Civ. P. 21a, 166a(c); Lewis v. Blake, 876 S.W.2d 314, 316
(Tex. 1994); see also Hart v. Attorneys-at-Law, No.
01-97-00890-CV, 1999 WL 2391, at *2 (Tex. App.CHouston [1st Dist.] Dec. 30, 1998, no pet.) (not designated for
publication) (noting that when summary judgment is served by certified mail or
facsimile, three additional days are added to prescribed period).





[3]           She filed a response to Citibank=s motion for summary judgment on August 2, 2004, 16
days before the hearing date.





[4]           Similarly, Hay=s motion for new trial did not mention the late notice
issue or any need for additional time to respond.





[5]           See, e.g., Benser v. Citibank (South
Dakota), N.A., No. 08-99-00242-CV, 2000 WL 1231386, at *5 (Tex. App.CEl Paso Aug. 31, 2000, no pet.) (not designated for
publication) (concluding that appellant=s
use of credit card and payments to account showed he understood obligation to
bank and