In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00017-CV


______________________________



 


IN THE INTEREST OF L.K.(W.)G., A CHILD





 


On Appeal from the 6th Judicial District Court


Fannin County, Texas


Trial Court No. 37061




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Richard C. Watts, appellant, filed his notice of appeal in this Court February 5, 2007,
regarding a hearing held, according to his notice of appeal, January 4, 2007, regarding "Emergency
Grandparents Visitation / Access." 

 Watts has not filed a docketing statement with this Court, see Tex. R. App. P. 32, nor has he
paid a filing fee or made any claim of indigency. There is nothing in the record to indicate Watts has
made efforts to have either the clerk's record or reporter's record filed with this Court, and he has not
filed a brief. On April 24, 2007, we contacted Watts by letter, giving him an opportunity to cure the
various defects, and warning him that, if we did not receive an adequate response within ten days,
this appeal would be subject to dismissal for want of prosecution. See Tex. R. App. P. 42.3(b), (c). 
 We have received no communication from Watts. Pursuant to Tex. R. App. P. 42.3(b), we
dismiss this appeal for want of prosecution. 




 Bailey C. Moseley

 Justice


Date Submitted: May 23, 2007

Date Decided: May 24, 2007



'Times New Roman', serif">            American Heritage Apartments, Inc. (AHA) appeals from an adverse summary judgment
rendered in its suit against the Bowie County Appraisal District (BCAD), seeking to reverse BCAD's
denial of an ad valorem tax exemption for two apartment complexes in Bowie County owned by
AHA. Because we find the trial court properly rendered summary judgment against AHA, we affirm
the judgment.
            Based on AHA's applications, BCAD granted ad valorem tax exemptions for AHA's two
apartment complexes for two years. The exemptions were granted because AHA qualified as a
community housing development organization providing rental housing for low- and moderate-income tenants. For the year 2001, however, BCAD denied AHA's applications for the exemptions
based on its determination that AHA did not meet all of the requirements of Article VIII, Section
2(a) of the Texas Constitution and Sections 11.18(e) and 11.182  of  the  Texas  Tax  Code. See
Tex. Const.  art.  VIII,  §  2(a);  Tex.  Tax  Code Ann. §§ 11.18(e), 11.182 (Vernon Supp. 2005). 
After pursuing its administrative remedies, AHA filed suit. In the trial court, both AHA and BCAD
filed motions for summary judgment. Each party attached supporting summary judgment evidence
to its motion and also responded to the other party's motion. After a hearing, the trial court granted
BCAD's motion for summary judgment and denied AHA's motion for summary judgment. BCAD
alleged in its motion as specific grounds for summary judgment allegations that AHA failed to meet
several different constitutional and statutory requirements for an exemption. The trial court signed
a general order granting BCAD's motion and did not specify in its order the specific ground or
grounds on which its judgment was based.
            When a motion for summary judgment is based on several specific grounds and the order
granting that motion does not state the reasons why the motion is granted, the summary judgment
must be affirmed on appeal if any of the grounds raised in the motion is meritorious. Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Star Telegram, Inc. v. Doe, 915 S.W.2d 471, 473
(Tex. 1995); Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989). Consequently, if
BCAD's summary judgment evidence conclusively established that AHA failed to meet any one of
the requirements necessary to qualify for the exemption, we must affirm the trial court's summary
judgment.
            Our inquiry in this appeal is narrowed considerably because, although BCAD in its motion
for summary judgment raised numerous requirements it contends AHA failed to meet, on appeal it
relies mainly on two of those grounds to sustain its summary judgment. They are (1) AHA did not
qualify as a community housing development organization because it did not have the required
representation on its board of directors for low- and moderate-income persons and neighborhoods,
and had no formal process to secure and evaluate input from its low- and moderate-income residents
as to the design, siting, development, and management of its properties; and (2) AHA did not meet
the requirements of Tex. Tax Code Ann. § 11.182 because it did not rent its apartments exclusively
to low- and moderate-income persons.
            The constitutional and statutory requirements that specifically apply to the two issues
primarily involved in this appeal are:
Tex. Const. art. VIII, § 2(a):
            The legislature "may, by general laws, exempt from taxation . . . institutions engaged
primarily in public charitable functions, which may conduct auxiliary activities to support those
charitable functions . . . ."

Tex. Tax Code Ann. § 11.182:
(b)An organization is entitled to an exemption from taxation of improved
or unimproved real property it owns if the organization:
 
(1)is organized as a community housing development organization;
. . . . 
 
(3)owns the property for the purpose of building or repairing housing on
the property to sell without profit to a low-income or moderate-income individual or
family satisfying the organization's eligibility requirements or rent without profit to
such an individual or family; and
 
(4)engages exclusively in the building, repair, and sale or rental of
housing as described by Subdivision (3) and related activities.
42 U.S.C.A. § 12704 (West 2005) – Definitions
As used in this subchapter . . .
 
. . . .
 
(6)The term "community housing development organization" means a
non-profit organization . . . that . . . 
 
. . . .
 
(B)maintains, through significant representation on the organization's
governing board and otherwise, accountability to low-income community residents
and, to the extent practicable, low-income beneficiaries with regard to decisions on
the design, siting, development, and management of affordable housing . . . .
24 C.F.R. 92.2:
            Sec. 92.2. Definitions.
(iii) Community housing development organization means a private non-profit organization that:
 
. . . . 
 
(8)Maintains accountability to low-income community residents by:
 
(i)Maintaining at least one-third of its governing board's
membership for residents of low-income neighborhoods, other low-income
community residents, or elected representatives of low-income neighborhood
organizations . . . 
 
(ii)Providing a formal process for low-income program
beneficiaries to advise the organization in its decisions regarding the design, siting,
development, and management of affordable housing.

            The summary judgment evidence shows conclusively that AHA did not meet the
requirements to qualify as a community housing development organization. As noted, qualification
for a community housing development organization requires, among other things, that (1) the
organization maintain one third of its governing board's membership for residents of low-income
neighborhoods, other low-income community residents,  or  elected  representatives  of  low-income
organizations, and (2) the organization provide a formal process for low-income program
beneficiaries to advise the organization in its decisions regarding the design, siting, development,
and management of affordable housing.
            Section 11.182 of the Texas Tax Code explicitly incorporates the definition of "community
housing development organization" in 42 U.S.C.A. § 12704: The term "community housing
development organization" means a nonprofit organization that maintains, through significant
representation on the organization's governing board and otherwise, accountability to low-income
community residents and, to the extent practicable, low-income beneficiaries with regard to decisions
on the design, siting, development, and management of affordable housing. This definition is further
illuminated by 24 C.F.R. Section 92.2 where "maintains accountability" is defined as maintaining
at least one third of its governing board's membership for residents of low-income neighborhoods,
other low-income community residents, or elected representatives of low-income neighborhood
organizations, and providing a formal process for low-income program beneficiaries to advise the
organization in its decisions regarding the design, siting, development, and management of
affordable housing.
            BCAD provided summary judgment evidence that AHA did not, at the time of its application
or at the time of trial, meet either of these requirements. AHA did not have the required
representation of membership on its governing board, and did not have a formal process for low-income program beneficiaries to advise the organization on its decisions regarding design, siting,
development, and management of affordable housing. The undisputed summary judgment evidence
shows that none of AHA's five board members resided in low-income neighborhoods. This evidence
was provided in the form of data establishing the median income of each board member's residential
neighborhood, which showed that none lived in low-income areas, with "low-income" family defined
as  a  family  with  an  annual  income  not  more  than  fifty  percent  of  the  area's  median  income. 
24 C.F.R. § 91.5.
            Although AHA responded to BCAD's motion for summary judgment, it did not present any
summary judgment evidence to contradict BCAD's proof that AHA did not have the required board
representation. AHA produced an affidavit of one of its officers, Lonny Weitzel, in which he stated, 
during calendar year 2000 and to the present time, AHA had significant
representation on its governing board by low-income persons, residents of other low-income neighborhoods, or duly elected representatives of low-income organizations,
and by such board memberships and other means, maintained significant
accountability to low-income program beneficiaries.

That statement is a conclusion unsupported by the facts on which it is based.
            Affidavits supporting or opposing motions for summary judgment must be based explicitly
on personal knowledge in order to be competent summary judgment evidence. Tex. R. Civ. P.
166a(f); Trostle v. Combs, 104 S.W.3d 206, 214 (Tex. App.—Austin 2003, no pet.). Merely reciting
that an affidavit is made on personal knowledge is insufficient. Humphreys v. Caldwell, 888 S.W.2d
469, 470 (Tex. 1994); Radio Station KSCS v. Jennings, 750 S.W.2d 760, 761–62 (Tex. 1988). The
affidavit must go further and disclose the basis on which the affiant has personal knowledge of the
facts asserted. Jennings, 750 S.W.2d at 762. Conclusory statements, not supported by factual
allegations, are insufficient to support summary judgment. Anderson v. Snider, 808 S.W.2d 54, 55
(Tex. 1991); Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984); Brownlee v. Brownlee, 665
S.W.2d 111, 112 (Tex. 1984).
            AHA also failed to produce any summary judgment evidence that it provided a "formal
process" for low-income program beneficiaries to advise the organization in its decisions regarding
the design, siting, development, and management of affordable housing. Weitzel said, in his
deposition, that residents were able to present comments or complaints to the apartment complex
management whenever they liked, but this is not evidence of a formal process where residents, the
beneficiaries of a low-income housing program, could advise AHA on its decisions regarding the
design, siting, development, and management of affordable housing. AHA had no tenant committee
or tenant association and no formalized committee of tenant representatives for the purpose of
advising AHA as to these concerns.
            Because the undisputed summary judgment evidence shows that AHA was not operated as
a community housing development organization as defined by law, the trial court's summary
judgment affirming BCAD's denial of the exemption must be affirmed.
            BCAD also contends AHA was not entitled to an exemption because it did not rent its
apartments exclusively to low-income persons or families. The statute at issue here is Section
11.182 of the Texas Tax Code. The statute allows an exemption from taxes levied on real property
if the organization, among other requirements, (a) owns the property for the purpose of building or
repairing housing on the property to sell without profit to a low-income or moderate-income
individual or family satisfying the organization's eligibility requirements or to rent without profit to
such an individual or family, and (b) engages exclusively in the building, repair, and sale or rental
of housing as described by subdivision (c) and related activities.
            BCAD contends that the phrase "engages exclusively in the . . . rental" in subsection (4)
requires a community housing development organization to rent only to low- or moderate-income
tenants. However, subsection (4) refers to subsection (3), so a more reasonable construction of these
two provisions is that the housing organization must engage exclusively in owning the real property
at issue "for the purpose of," in this case, renting without profit to low- or moderate-income tenants. 
It is undisputed that AHA rented a total of eighty-nine units to individuals or families who did not
qualify as low-income or moderate-income persons or families. However, we do not construe these
statutory provisions to require that 100 percent of AHA's tenants must be low- or moderate-income
persons or families, so long as its exclusive purpose is to make its housing available to low- or
moderate-income persons. We find that the summary judgment evidence at least raises a fact issue
as to whether AHA complied with the requirements of Section 11.182(3) and (4) of the Texas Tax
Code.
            BCAD also raises several other issues on which it contends the summary judgment evidence
is sufficient to support the judgment in its favor, but in view of our ruling on the first issue discussed
here, the summary judgment rendered by the trial court in BCAD's favor must be affirmed, and it is
unnecessary for us to discuss the other bases that BCAD urges also support the judgment. 
            For the reasons stated, we affirm the judgment.
 
                                                                        William J. Cornelius
                                                                        Justice*

*Chief Justice, Retired, Sitting by Assignment
 
Date Submitted:          May 24, 2006
Date Decided:             June 27, 2006