

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00289-CV

**KENNETH JONES AND STEPHANIE JONES,**

                                                                    **Appellants**

**v.**

**OLD REPUBLIC INSURANCE COMPANY,**

                                                                    **Appellee**

_____

**From the 77th District Court
Limestone County, Texas
Trial Court No. 28,401-A**

## MEMORANDUM  OPINION

Old Republic Insurance Company sued Kenneth and Stephanie Jones on a promissory note in the principal amount of $41,700. The trial court granted Old Republic's motion for summary judgment. Asserting twelve issues, the Joneses appeal. We will reverse and remand.

Old Republic's motion for summary judgment—in particular, its proof of the note and assignments and the default and balance due—is based on the affidavit of Joallyn Comstock. Her affidavit states in pertinent part:

1.  My name is Joallyn Comstock, and I am authorized to make this affidavit on behalf of Plaintiff.

2.  I hereby aver that Affiant has personal knowledge of the Note between Plaintiff and Defendants, KENNETH JONES and STEPHANIE JONES. Attached to this affidavit as Exhibit "1" is a true and correct copy of the note executed by Defendants and delivered to Plaintiff by Defendants. Exhibit "1" is incorporated by reference into this affidavit. Plaintiff is the owner and holder of the note, is presently in possession of the note, and is entitled to payment thereon. Attached hereto as Exhibit "2" is a true and correct copy of the Assignment of the Note.

The note and its accompanying assignment reflect that the Joneses executed the note to the order of Decision One Mortgage Company, LLC, which assigned the note to Sovereign Bank, which then assigned it to Old Republic. The Joneses filed numerous objections to Comstock's affidavit; their first objection was to the first sentence of paragraph two because there is not a basis for her alleged personal knowledge. The trial court overruled all of the Joneses' objections. In their first issue, the Joneses assert that the trial court erred in overruling their first objection.

We review a trial court's admission or exclusion of evidence for abuse of discretion. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). "However, a trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*" *Austin Heart, P.A. v. Webb,* 228 S.W.3d 276, 279-80 (Tex. App.—Austin 2007, no pet.); *see also In re American Homestar of Lancaster, Inc., 50 S.W.3d 480, 483* (Tex. 2001) ("A trial court has no discretion to determine what the law is or in applying the law to the facts and,

consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion.").

To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error probably caused "the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1); *see Alvarado*, 897 S.W.2d at 753-54.

A summary-judgment affidavit must state that it is based on the affiant's personal knowledge and that the facts in it are true. TEX. R. CIV. P. 166a(f) ("supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994). "[T]he mere recitation that an affidavit is based on personal knowledge is inadequate if the affidavit does not affirmatively show a basis for such knowledge." *Lawrence Marshall Dealerships v. Meltzer*, No. 14-07-00920-CV, 2009 WL 136908, at *4 (Tex. App.—Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem. op.) (citing *Southtex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 542-43 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Leavings v. Mills*, 175 S.W.3d 301, 312 (Tex. App.—Houston [1st Dist.] 2004, no pet.)); *see also Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761-62 (Tex. 1988); *Trostle v. Combs*, 104 S.W.3d 206, 214 (Tex. App.—Austin 2003, no pet.).

Comstock's affidavit makes the blanket assertion that she has personal knowledge of the alleged note, but other than the vague and insufficient reference to

her being "authorized" to make her affidavit on Plaintiff's (Old Republic's) behalf, it lacks a positive showing of the basis for her personal knowledge. *Cf. Obasi v. Univ. of Okla. Health Science Center*, No. 04-04-00016-CV, 2004 WL 2418009, at *1 (Tex. App.—San Antonio Oct. 27, 2004, pet. denied) (mem. op.) (noting that affiant identified herself as university bursar). Comstock's affidavit is thus legally insufficient, and the trial court erred in overruling the Joneses' first objection.

Because Comstock's legally insufficient affidavit is the only evidence in support of Old Republic's motion for summary judgment, the trial court's error in overruling the Joneses' first objection to it probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). We sustain the Joneses' first issue and reverse the trial court's judgment. Because of our disposition of the first issue, we need not address the Joneses' remaining issues. *See* TEX. R. APP. P. 47.1. This cause is remanded to the trial court for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Reversed and remanded
Opinion delivered and filed July 29, 2009
[CV06]