Reversed and Remanded and Opinion filed July 22, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00191-CV



Darrell Dean
Valenzuela, Appellant 

v.

State &
County Mutual Fire Insurance Company, Appellee 



On Appeal from
the 164th District Court

Harris County, Texas

Trial Court
Cause No. 2007-67561



 

OPINION 

Appellant Darrell Dean Valenzuela appeals the trial
court’s grant of summary judgment in favor of appellee State & County
Mutual Fire Insurance Company (“State & County”).  Valenzuela challenges
the trial court’s ruling on the grounds: (1) State & County’s summary-judgment
evidence is not competent; and (2) State & County has failed to prove as a
matter of fact that it was prejudiced by Torres’s lack of notice and lack of
cooperation.  We reverse and remand the case for further proceedings in
accordance with this opinion.   

 

I

Darrell
Dean Valenzuela and Armando Rodriguez Torres were in a motor-vehicle accident
in 2002, and Valenzuela claimed he sustained injuries from the accident. 
Valenzuela sued Torres in August 2007.  At the time of the accident, Torres was
covered by a standard-form personal auto policy from State & County.  The
policy insured the automobile Torres drove the day of the accident.  The case
went to trial, and Valenzuela obtained a judgment for $12,100.00, prejudgment
interest in the amount of $4,502.11, and court costs in the sum of $1,941.67. 
State & County did not receive notice of the suit until Valenzuela delivered
a copy of the final judgment on September 10, 2007.  State & County claimed
its policy provisions  required Torres to provide proper and timely notice
regarding any pending lawsuits so State & County could participate in
Torres’s defense.

State
& County filed a declaratory-judgment action seeking a judgment stating that
it has no duty to (1) indemnify its insured Torres, and (2) pay policy benefits
to Valenzuela.  The parties filed cross motions for summary judgment.  State
& County’s issues in its summary-judgment motion mirrored the relief sought
in its declaratory-judgment action, but also included the argument that Torres’s
lack of cooperation prejudiced State & County as a matter of law. 
Valenzuela objected to State & County’s summary-judgment evidence, which
consisted of an affidavit from claims manager Kathy Devaney.  But the trial
court overruled Valenzuela’s objections and granted summary judgment.  This
appeal followed.

II

            In
his first issue, Valenzuela contends Devaney’s affidavit is insufficient
evidence to support State & County’s summary judgment.  Valenzuela
specifically complains the affidavit: (1) is not based on personal knowledge;
(2) does not demonstrate how the affiant became familiar with the information;
(3) is based on subjective beliefs; and (4) is conclusory.  Without Devaney’s
affidavit, Valenzuela asserts State & County is unable to show any evidence
that its insured did not cooperate or that it was prejudiced; hence, State
& County’s lack of cooperation defense would fail, and the trial court
erroneously granted State & County’s summary judgment.  State & County
claims Valenzuela waived his complaint about the affidavit’s competency because
he failed to raise the issue in the court below.[1] 
Additionally, State & County argues Devaney’s affidavit demonstrates she
had personal knowledge due to her position as the claims manager for State
& County, Devaney’s affidavit is based on fact and not on her beliefs or
opinions, and Devaney’s affidavit is not conclusory because it is strictly fact
based. 

            We
review the trial court’s summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  The party moving for a
traditional summary judgment has the burden to show that no material fact
exists and that it is entitled to summary judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28
S.W.3d 22, 23 (Tex. 2000) (per curiam).  In determining whether a disputed
material fact precludes summary judgment, we take as true evidence favorable to
the non-movant, and we must resolve any doubt in the non-movant’s favor as well
as make reasonable inferences in the non-movant’s favor.  Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).[2]

            In
a summary-judgment motion, supporting and opposing affidavits must “be made on
personal knowledge, shall set forth facts as would be admissible in evidence,
and shall show affirmatively that the affiant is competent to testify to the matters
stated therein.”  Tex. R. Civ. P. 166a(f); Ryland Group, Inc. v. Hood,
924 S.W.2d 120, 122 (Tex. 1996) (per curiam); CA Partners v. Spears, 274
S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  Hence, for a
summary-judgment affidavit to have probative value, the affiant must swear the
facts in the affidavit reflect his personal knowledge.  Kerlin v. Arias,
274 S.W.3d 666, 668 (Tex. 2008) (per curiam).  But the mere recitation that the
affidavit is based on personal knowledge is inadequate if the affidavit does
not positively show a basis for the knowledge.  Estate of Gajewsky v. John
Hancock Life Ins. Co., No. 14-04-00748-CV, 2005 WL 1017628, at *3 (Tex.
App.—Houston [14th Dist.] May 3, 2005, no pet.) (mem. op.).  The affidavit must
explain how the affiant has personal knowledge.  Radio Station KSCS v.
Jennings, 750 S.W.2d 760, 762 (Tex. 1988) (per curiam); SouthTex 66
Pipeline Co., Ltd., v. Spoor, 238 S.W.3d 538, 543 (Tex. App.—Houston [14th
Dist.] 2007, pet. denied).  Statements represented in the affidavit need
factual specificity such as place, time, and exact nature of the alleged
facts.  SouthTex 66 Pipeline Co., 238 S.W.3d at 543 (citing Brownlee
v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)).  “The key is whether the
affidavit clearly shows the affiant is testifying from personal knowledge.” 
David Hittner & Lynne Liberato, Summary Judgments in Texas State and
Federal Practice, 46 Hous. L. Rev. 1379, 1438 (2010). 

The
affidavit must “itself” state the facts and demonstrate the affiant’s
competency.  Keenan v. Gibraltar Sav. Ass’n, 754 S.W.2d 392, 394 (Tex.
App.—Houston [14th Dist.] 1988, no writ).  An affiant’s position or job
responsibilities can qualify him to have personal knowledge of facts and
establish how he learned of the facts.[3] 
SouthTex 66 Pipeline Co., 238 S.W.3d at 543 (citing First Nat’l Bank
in Munday v. Lubbock Feeders, L.P., 183 S.W.3d 875, 881 (Tex. App.—Eastland
2006, pet. denied)).  Affidavits demonstrating personal knowledge often state
the affiant’s knowledge is acquired through not only the person’s position, but
also through his specifically described job duties.  See, e.g., 1001
McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital, 192 S.W.3d
20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (stating the
affiant’s personal knowledge “resulted from his employment as director of the
Controller’s Division of CSFB, which keeps records of all licenses and
government approvals”); Lubbock Feeders, L.P., 183 S.W.3d at 881
(explaining the affidavit stated the affiant was not only the yard manager for
Lubbock Feeders, but that he was familiar with the customer accounts because
“the performance of his job required him to be familiar with the accounts”); Dickey
v. Club Corp. of Am., 12 S.W.3d 172, 176 (Tex. App.—Dallas 2000, pet.
denied) (discussing although the affiant was not employed at the club when
plaintiffs joined, his affidavit makes it clear that as a general manager, he had
knowledge of the club’s policies and bylaws because one of his duties was to
make recommendations to the board of directors concerning changes in the
bylaws); Sturm v. Phil Arms Ministries, Inc., No. 14-99-01086-CV, 2001
WL 333228, at *4 (Tex. App.—Houston [14th Dist.] Apr. 5, 2001, no pet.) (not
designated for publication) (stating in an affidavit “as Operations Manager for
the Church, I would be notified of any accidents occurring on the Church
premises, as well as dangerous conditions on the premises of the Church”).  

In
addition to a person’s job title or position, affiants should also explain how
they became familiar with the facts in the affidavit.  See, e.g., Cooper v.
Circle Ten Council Boy Scouts of Am., 254 S.W.3d 689, 698 (Tex. App.—Dallas
2008, no pet.) (discussing the phrase “‘knowledge concerning its operations and
organization’” was sufficient to demonstrate how the affiant became familiar
with the facts in the case); Sparks v. Cameron Employees Credit Union,
678 S.W.2d 600, 603 (Tex. App.—Houston [14th Dist.] 1984), disapproved of on
other grounds, McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d
337 (Tex. 1993) (stating in affidavit that affiant is the collections manager
and is familiar with the plaintiff’s books, files, and records).  Furthermore,
courts sometimes review whether the affiant is able to obtain personal
knowledge because he was employed during a particular time period.  See,
e.g., Winchek v. Am. Express Travel Related Servs. Co., 232 S.W.3d 197,
205–06 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (explaining the affiant
stated he was employed with American Express for twenty-six years in the legal
and collections units); Miller v. Raytheon Aircraft Co., 229 S.W.3d 358,
365 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (describing affiant’s
employment status in affidavit as, “I am currently the Vice President and
Controller for Raytheon Aircraft Parts & Inventory Distribution.  From
April 1997 through August 2002, I served as the Vice President, Finance of
Raytheon Travel Air Company.”).  In Lawrence Marshall Dealerships v. Meltzer,
we recently reviewed an affidavit supporting the appellant’s summary judgment. 
No. 14-07-00920-CV, 2009 WL 136908, at *4 (Tex. App.—Houston [14th Dist.] Jan.
20, 2009, no pet.) (mem. op.).  In Meltzer, we concluded the affidavit
was not based on personal knowledge because “[a]lthough [the affiant] stated
his job title, he did not identify his responsibilities or other basis for
personal knowledge of the facts he asserts.”  Id.     

In
this case, Valenzuela contends Devaney lacked personal knowledge to make the
affidavit.  State & County’s sole piece of summary-judgment evidence supporting
its claims is Devaney’s affidavit, which provides: 

My name is Kathy Devaney.  I am over 18 years of age, of
sound mind, and fully competent to make this affidavit.  I am currently the
Claims Manager for Plaintiff State and County Mutual Fire Insurance Company, I
have personal knowledge of the facts stated herein and they are all true and
correct to the best of my knowledge.

Devaney’s
affidavit then proceeds to discuss the facts set out in State & County’s
motion for summary judgment.  Although the affidavit states Devaney is the current
claims manager for State & County, it does not state whether she was the
claims manager during the relevant time period, how her job duties as the
claims manager afforded her the knowledge about Valenzuela’s claim, or how she
was familiar with this particular claim.  The affidavit is, therefore,
incompetent to prove the facts about which Devaney testifies.  See Geiselman
v. Cramer Fin. Group, Inc., 965 S.W.2d 532, 537 (Tex. App.—Houston [14th
Dist.] 1997, no pet.).       

An
affidavit not based on personal knowledge is legally insufficient.  Kerlin,
274 S.W.3d at 668; Radio Station KSCS, 750 S.W.2d at 762.  Without
Devaney’s affidavit,  State & County failed to establish its entitlement to
summary judgment as a matter of law; therefore, the trial court erred in
granting State & County’s summary judgment.  See Kerlin, 274
S.W.3d at 668.  Thus, we sustain Valenzuela’s first issue on appeal.  We need
not discuss the second issue.  

***

For
the foregoing reasons, we reverse and remand the case for further proceedings
consistent with this opinion.   

    









                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and
Justices Seymore and Brown.

 









[1]
In his reply brief, Valenzuela concedes he never objected to the affiant’s
competency nor is competency an issue on appeal.  





[2]
Although Valenzuela also filed a motion for summary judgment, in his brief, he
specifically states his “motion is not an issue in this appeal.”





[3] We have previously held an
affidavit simply stating the affiant’s job title is sufficient to show personal
knowledge.  See Requipco, Inc. v.
Am-Tex Tank & Equip., Inc., 738 S.W.2d 299, 300 (Tex. App.—Houston
[14th Dist.] 1987, writ ref’d n.r.e.).  In the affidavit at issue in Requipco,
Robert Marron stated: “I . . . am President of Am-Tex Tank & Equipment,
Inc. . . . and have full authority to make this Affidavit.  I have personal
knowledge of all the facts stated herein concerning the Defendant, Requipco,
Inc., as set forth and contained in Plaintiff’s Original Petition.”  Id. 
Although the appellant complained Marron did not show how he gained his
personal knowledge, we decided Marron did have personal knowledge.  Id. 
But Requipco deals with a suit on a sworn account in which the affiant
was a company officer.  A company’s president or other officer logically would
have knowledge of current debts owed to the company.  Here, Devaney is not a
company officer, but a claims manager.  Devaney only says in her affidavit that
she is the current claims manager without stating how she became familiar with
the specific claim at issue or how her job duties would enable her to know
about this particular claim.